## CALEB SAUNDERS *vs.* CITY OF LAWRENCE.

Essex.   Nov. 6, 1885. — March 31, 1886.   FIELD & DEVENS, JJ., absent.

The ordinances of a city provided that a city solicitor should be chosen annually by concurrent vote of both branches of the city council ; and that either branch of the city council might first elect said officer.   The rules and orders of the city council provided that, when either board should not concur in the action of the other, written notice of such non-concurrence should be given to the other board. On January 9, at a regular meeting of the common council of said city, A. was declared elected city solicitor on the part of that board, and notice of his election was sent on that day to the board of aldermen.   At a regular meeting of the board of aldermen on the same day, the notice of A.'s election on the part of the common council was received, and the board of aldermen refused to concur in

said election. The board of aldermen, after several ballots for city solicitor, which resulted in no choice, adjourned to January 11, when A. was declared elected to that office on the part of that board. The next meeting of the common council was held on January 16, when notice was received that the board of aldermen, at a meeting held on January 9, had voted to non-concur in A.'s election; and, at the same meeting, notice was also received that, at a meeting of the board of aldermen held on January 11, A. was elected city solicitor on the part of that board. The common council then non-concurred with the board of aldermen in A.'s election, and sent notice of such non-concurrence to that board; and B. was elected city solicitor on the part of the common council. Notices of the non-concurrence in A.'s election, and of the election of B., on the part of the common council, were received by the board of aldermen, which subsequently elected B. city solicitor in concurrence with the common council. *Held*, that A. was not elected city solicitor by concurrent vote of both branches of the city government.

If the record of the clerk of the board of aldermen of a city states that a certain vote was in concurrence with the vote of the common council, when the whole record shows that the vote was an independent one, the erroneous statement need not be regarded.

CONTRACT to recover $800, alleged to be due the plaintiff for salary as city solicitor of Lawrence for the year 1884. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, upon agreed facts, in substance as follows:

The ordinances of the city of Lawrence, *c.* 37, in force since 1879, provide that there shall be chosen annually, in the month of January or February, by concurrent vote of both branches of the city council, a city solicitor, who shall be an attorney at law. The ordinances of the city also provide that either branch of the city council may first elect said officer.

Chapter 3 of the same ordinances provides, " And, unless by law or ordinance otherwise specially determined, all officers shall be removable at pleasure by the authority conferring their appointment or election, and shall hold office until their successors are chosen and qualified, unless removed from office." No ordinance of the city determines that the city solicitor shall not be removable under the provisions of the foregoing ordinance.

The rules and orders of said city council provide that, when either board shall not concur in any action of the other, notice of such non-concurrence shall be given the other board by written message.

On January 9, 1884, at a regular meeting of the common council of said city, the council proceeded to the election of

a city solicitor, and the plaintiff received a majority of the votes cast, and was declared elected on the part of that board. Notice of said election was sent on that day to the board of aldermen.

At a regular meeting of the board of aldermen on the same day, notice having been received of the election of the plaintiff to said office on the part of the common council, said board proceeded by a yea and nay ballot to vote on the concurrence with the other board in said election. Three ballots were cast in the affirmative, and three ballots in the negative; and the board refused to concur in said election.

The board of aldermen then proceeded to ballot for a city solicitor; several ballots were taken which resulted in no choice; and, upon motion, the matter of electing a city solicitor was laid on the table, and the board adjourned to January 10.

On said day, the board of aldermen met, and, after transacting various matters of business, adjourned to January 11, without taking any action upon the election of a city solicitor.

On January 11, the board of aldermen met, and, on motion, proceeded to the election of a city solicitor by ballot. The plaintiff received four votes, being a majority of all the votes cast, and was declared elected on the part of that board.

No meeting of the common council was held between January 9 and January 16, on which day, at a session of said council, notice was received, dated January 9, that the board of aldermen, at a meeting on January 9, had voted to non-concur in the election of the plaintiff as city solicitor.

Notice was also received at the same meeting, from the board of aldermen, that, at a meeting of said board held on January 11, the plaintiff had been elected city solicitor, on the part of that board.

The common council proceeded to ballot upon the concurrence with the other board in said election, and there were eight yeas and nine nays, and the common council non-concurred with the board of aldermen in said election, and sent notice of such non-concurrence to the board of aldermen.

The common council then proceeded to ballot for a city solicitor, and William F. Moyes was elected on the part of the common council.

At a meeting of the board of aldermen, held January 21, notice was received that the common council had non-concurred in the election of the plaintiff as city solicitor.

Notice was also received that William F. Moyes had been elected on the part of the common council to the office of city solicitor; and the matter was laid on the table for one week.

On January 28, the plaintiff notified the city government, by letter addressed to the mayor, that he accepted the office of city solicitor to which he had been elected, and was ready to perform the duties of said office. No notice had been sent to him by the defendant city, or any officer thereof, that he had been elected city solicitor. At a meeting of the board of aldermen held on January 28, said letter was read and placed on file.

On February 4, at a meeting of the board of aldermen, the board proceeded to ballot, in concurrence with the other board on the election of William F. Moyes as city solicitor, by a yea and nay ballot. A majority of the ballots were yea, and he was declared elected in concurrence. Moyes accepted office by taking the oath of office, was duly qualified, performed the duties, and was paid the salary for the year 1884.

In making up the record of the meeting of the board of aldermen held on January 11, James E. Shepard, then the city clerk and clerk of the board of aldermen, concluded the record with these words, "and was declared elected in concurrence." Some two or three days after he had made up said record, and after he had gone out of office, his attention was called to the records by the assistant city clerk, who had been present at the meeting of the board on said January 11; and Shepard, saying that it was a mistake of his, was a clerical error, and not in accordance with the facts, drew red lines through the words "in concurrence," and wrote "on the part of this board."

A meeting of the board of aldermen had intervened between the time when said record was made up, and the time when it was so changed by Shepard; but the attention of the board of aldermen had not been called to the record.

The only vote which was taken on the subject on January 11 was a ballot for the election of city solicitor, as will appear by reference to the whole record of said meeting.

The plaintiff presented himself at the office of the city clerk, and offered to be sworn into office; but the city clerk declined to administer to him the oath of office, and the plaintiff never took the oath of office.

Neither the ordinance establishing the office of city solicitor, nor any other ordinance of the city, makes any provision in regard to qualifying by taking an oath.

The salary of the city solicitor for the year 1884, as duly established by resolution of the city council, was $800. The plaintiff, who was an attorney at law, and a resident of Lawrence during the year 1884, held himself ready during said year to perform any duties as solicitor for said city that he might be called upon to perform, but he actually rendered no services to the city as said solicitor during said year. At the close of the year, he demanded his salary as city solicitor.

If, upon the above facts, the plaintiff was duly elected city solicitor for the year 1884, and entitled to the salary as such, judgment was to be entered for the plaintiff for $800, and interest from the date of the writ; otherwise, for the defendant.

*C. G. Saunders*, for the plaintiff.

*A. C. Stone*, for the defendant.

W. ALLEN, J. The vote of the board of aldermen of January 11, 1884, was not a vote in concurrence with the common council. The board could act in the election of a city solicitor in two ways, — by concurring in an election made by the common council, or by making an election to be concurred in by the council. The two proceedings differ in form and in substance. One is by a yea and nay ballot upon the question of concurring in the election of a particular person; the other is by a ballot for persons, in order to elect one from all who are eligible. After the vote in the negative on the question of concurrence on January 9, the board of aldermen might, under a proper motion, have taken further action upon that question, but it did not. It chose to regard that matter as finally disposed of, and proceeded to the new and different matter of making a first election, to be sent to the common council for its concurrence. Its further action was not upon the notice of election from the common council, but upon proceedings for a new election, and the vote of the adjourned meeting of January 11 was not upon that notice, but

was a new election. Neither the intention nor the power of the aldermen to make it so is doubtful. If the record shows that the plaintiff was declared to have been, by that vote, elected in concurrence, it also shows that the declaration was not true. The records of both branches show that the plaintiff was not elected by concurrent vote of both.

We need not consider whether the subsequent concurrent action of both branches in electing another to the office would have worked the removal of the plaintiff if he had been duly elected, nor whether, if elected, and not removed, he could have recovered the salary.

*Judgment for the defendant affirmed.*