ALLISON G. CATHERON *vs.* COUNTY OF SUFFOLK.

Suffolk.    March 29, 1917. — June 30, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Superior Court. Probation Officer. Words,* "The Superior Court."

An appointment, by a judge of the Superior Court holding court in the criminal session for the county of Suffolk, of a probation officer for the county of Suffolk to serve for a stated year at a stated salary is an appointment by "the Superior

Court" under R. L. c. 217, § 81, as amended by St. 1911, c. 470, § 1, and is valid, although it neither was authorized nor ratified by a vote passed at a meeting of all the justices of that court.

In this case *it was stated* that it had not been and hardly would be contended that such an appointment could be made by a committee of the judges of the Superior Court which was not holding court at the time.

Such appointment by the judge presiding at a sitting of the court was the exercise of the judicial faculty which under the circumstances imports forethought and personal responsibility, and the fact, that such appointment was made by the judge in accordance with the recommendation of a committee of the justices of the Superior Court called the probation committee, does not make it susceptible of the construction that it was an unthinking adoption of the work of that committee.

CONTRACT for one month's salary alleged to be due to the plaintiff as probation officer of the Superior Court for Suffolk County for the month of January, 1917. Writ dated February 2, 1917.

In the Superior Court the action was heard by *Hardy*, J., without a jury, upon an agreed statement of facts, among which were the following:

On April 8, 1899, for the first time a committee on probation matters was appointed by the justices of the Superior Court. On June 6, 1903, it was voted by the justices "That the selection and appointment of probation officers, the determination of their compensation, the supervision of their work, and everything incidental thereto, be assigned to the committee, . . . [naming three justices] . . . to be as far as possible exclusive of action by other Justices." A probation committee, varying in membership, continued in existence from that time to the date of the hearing. The foregoing vote as to the authority of such committee had not been modified, and no other vote had been passed affecting its powers, and such probation committee had continuously acted in the appointment of, and fixing the salary of, probation officers throughout the Commonwealth.

On December 21, 1911, at a meeting of the justices of the Superior Court, it was voted: "That until further order the standing committees of the Justices shall be as follows: . . . Probation . . ., — and shall consist of the Chief Justice and such Associate Justices as he may appoint." Acting under the authority of the foregoing vote, the Chief Justice appointed as members of the probation committee other than himself Justices Stevens,

Sanderson and Brown. On December 16, 1916, that committee passed the vote described below and immediately thereafter handed to *Bell*, J., who then was holding court in the criminal session in Suffolk County, a paper reading as follows:

"The Superior Court

Boston, December 16, 1916

"At a meeting of the Committee on Probation of the Superior Court held this day, it was voted that Allison G. Catheron of Beverly, Massachusetts, be appointed Probation Officer of the Superior Court for Suffolk County, to be in charge of all probation work therein, with authority to exercise supervision over all other probation officers of the Superior Court in said county.

"His term of office shall begin January 1, 1917, and his salary shall be thirty-five hundred dollars per year."

The committee requested *Bell*, J., to appoint the plaintiff probation officer for Suffolk County with the authority and upon the salary stated in that paper. On December 18, 1916, *Bell*, J., in open court handed to the clerk the paper he had received from the committee, and the clerk took possession of it and in the ordinary course of business added to the paper the words, "By the Court, John P. Manning, Clerk."

On February 6, 1917, *Bell*, J., who then still was holding the Superior Court for criminal business for the County of Suffolk presented to the clerk of that court the following order: —

"Superior Court
Suffolk, ss.

Having on December 16, 1916, ordered the appointment of Allison G. Catheron in open court as probation officer, and some question having been made as to the terms of said appointment, I now order as of said December 18th as follows:

Allison G. Catheron is appointed to be Probation Officer for Suffolk County, to be in charge of all probation work therein, with authority to exercise supervision over all other probation officers of the Superior Court in said County.

"His term of office shall begin January 1, 1917, and his salary shall be thirty-five hundred dollars per year, such having been my purpose and intention in making in open Court said order of December 18, 1916."

No meeting of the justices of the Superior Court was called or

held for the purpose of appointing and fixing the salary of the plaintiff as probation officer except as above stated.

It was agreed, that if the appointment of the plaintiff was made legally by the Superior Court, he was entitled to the amount claimed in his declaration, and, if the appointment was not made legally, judgment was to be entered for the defendant.

Other material facts are stated in the opinion. The trial judge found for the plaintiff in the sum of $293.46; and the defendant appealed.

*J. P. Lyons*, for the defendant.

*C. H. Walker*, (*J. E. Carroll* with him,) for the plaintiff.

RUGG, C. J. The validity of the appointment of the plaintiff as probation officer of the Superior Court for Suffolk County is the issue here presented. The facts are that there is a probation committee of the justices of the Superior Court, consisting of the chief justice and three associate judges. That committee voted on December 16, 1916, that the plaintiff be appointed probation officer with defined duties, beginning of term, and salary. A paper containing a copy of the vote was forthwith passed over to another judge of the Superior Court then holding the session of the Court for the transaction of criminal business in Suffolk County, with the request that he make the appointment accordingly. That judge handed the paper to the clerk of the court on December 18, 1916, in open session, who made upon it proper indorsement of the appointment of the plaintiff by the Court. On February 6, 1917, the same judge handed to the clerk of the court a more formal order of appointment, which was prefaced by a statement that it was made because some question had been raised as to the earlier appointment.

The pertinent provisions of the statutes are these: R. L. c. 217, § 81, as amended by St. 1911, c. 470, § 1: "The Superior Court may appoint probation officers and the justice of each police, district or municipal court and the Chief Justice of the Municipal Court of the City of Boston shall appoint one probation officer. Said Chief Justice may also appoint not more than eight male and three female assistant probation officers. The justice of the municipal court of the South Boston District and the justice of the municipal court of the Roxbury District and the justice of the third district court of eastern Middlesex and the jus-

tice of the police court of Springfield, may also each appoint one female assistant probation officer, and said justice of the municipal court of the Roxbury district may also appoint one male assistant probation officer. Each probation officer and assistant probation officer so appointed shall hold his office during the pleasure of the court which makes the appointment." R. L. c. 217, § 92, as amended by St. 1910, c. 479, § 1: "The salary of each probation officer who is appointed by the Superior Court shall be determined by the court." R. L. c. 157, § 1, as amended by St. 1911, c. 567: The Superior Court shall consist of one chief justice and twenty-seven associate justices. R. L. c. 157, § 2: "The court may be held by one or more of the justices, and when so held shall have and exercise all the power and jurisdiction committed to said court."

The contention of the defendant is that the appointment is invalid because not made by all or by a majority of the judges of the Superior Court. That contention cannot be upheld. Paraphrasing slightly what was said by Chief Justice Gray in *Greenwood* v. *Bradford,* 128 Mass. 296, in order to conform to the change made by R. L. c. 158, § 4: "The Superior Court," as used in the statutes means the court held, whether by one or more judges, at a time and place established by law for the judicial administration of justice. The words of St. 1898, c. 511, which is the original act for the appointment of probation officers in the Superior Court, confers the power of appointment upon "The Superior Court" and these words have been continued in each subsequent enactment. See St. 1906, c. 329, § 1, in addition to others above cited. The appointment of officers so essentially concerned with the conduct of criminal courts as are probation officers under the statutes and practice now prevailing manifestly is a judicial function and rightly may be performed by a court as thus defined. When it has been the intention of the Legislature to vest the appointment of officers in the collective body of individuals holding commissions as the justices of a court, as distinguished from the court itself, appropriate words to that end have been used to the effect that action shall be taken by "The justices of the Supreme Judicial Court" or by "the justices of the Superior Court." See for example R. L. c. 165, §§ 1, 4, 5, 6, 8, 9, 16, 39, 72, 80; c. 156, § 4; c. 217, § 58; St. 1894, c. 453. While it may be possible that

some exception can be found, it is true that in general when the court is referred to in the statutes in connection with the superior bench, the justices constituting the court are not intended; but the judge or judges holding the court according to law.

The practice of the justices of the Superior Court for many years, in appointing a committee on probation officers and to consider and recommend appointments, action doubtless followed universally as in this instance by the court, illustrates the scrupulous care and wise deliberation which might be expected to characterize their conduct in dealing with such an important matter. It cannot be regarded on the footing of a long continued and unquestioned interpretation of a statute of doubtful words imposing the performance of a public duty, as to which see *Burrage* v. *County of Bristol*, 210 Mass. 299, for it has not been and hardly would be contended that such appointments could be made by a committee of the judges of that Court.

The appointment of the petitioner by the single judge presiding in the session for the transaction of criminal business is not susceptible of the construction that it was an unthinking adoption of the work of the probation committee. The appointment was the exercise of the judicial faculty which imports under the circumstances forethought and personal responsibility, as for any other judicial act.

It follows that the petitioner was appointed probation officer according to law and is entitled to recover.

*Judgment affirmed.*