BENJAMIN F. BEAL & another *vs.* CHARLES J. LYNCH.

Suffolk. March 13, 14, 1922. — June 28, 1922.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & JENNEY, JJ.

*Equity Pleading and Practice*, Dismissal for want of prosecution, Death of party. *Executor and Administrator. Equity Jurisdiction*, Death of defendant. *Jurisdiction.*

A suit in equity was begun on October 7, 1912. While it was pending, the defendant died on May 5, 1917, and an administrator of his estate was appointed on May 24, 1917, who gave notice of his appointment and on August 27, 1920, filed affidavit of the giving of such notice. On September 20, 1920, the court made a general order that notice be sent on or before December 1, 1920, to counsel of record in all suits in equity wherein no action had been taken for two years

preceding October 1, 1920, that such suit would be dismissed on the December 18 following unless before December 15 there should be filed a motion, supported by affidavit, that the case be allowed to remain on the docket for cause and notice of the motion be given to the adverse party and proof of notice made; and that, if no such notice or affidavit were filed, the suit would be dismissed on December 18 and entry thereof made by the clerk. On November 26, 1920, the plaintiff filed a suggestion of the defendant's death and a motion that the administrator of his estate be summoned, and a citation was issued to the administrator returnable in January, 1921. The administrator appeared specially on February 1, 1921, and objected to the jurisdiction of the court. No final decree nor docket entry of dismissal was made in the suit. *Held,* that

(1) The ordering of the issuance of the special precept returnable in January, 1921, having been made after the general order relating to dismissal, must be taken to have been intended to supersede it;

(2) All the terms of R. L. c. 171, § 17 (see now G. L. c. 228, § 12), relative to bringing the administrator of a deceased party into an action at law are applicable to a suit in equity;

(3) Under R. L. c. 171, § 6 (see St. 1919, c. 333, § 34, now G. L. c. 228, § 5), the citation to the administrator, having been issued more than two years after he gave his bond and he having given notice of his appointment as required by law, was issued improperly and he should not be held for trial. He accordingly was discharged.

BILL IN EQUITY, filed in the Superior Court on October 7, 1912, for redemption from a mortgage.

Proceedings in the Superior Court after the death of the defendant are described in the opinion. Objections to the jurisdiction of the court by the administrator of the estate of the defendant, described in the opinion, were heard by *Lawton,* J., who overruled the objections and ordered the cause to stand for trial, but, being of opinion that such order so affected the merits of the controversy that the matter ought, before further proceedings, to be determined by this court, he reported the cause with the assent of both parties upon the pleadings, the general order for dismissal of September 20, 1920, the plaintiff's suggestion of death of the defendant and motion to summon the administrator of his estate to appear and defend the suit, the order of court thereon and the process issued in accordance therewith and the defendant's several objections to the jurisdiction of the court, such decree to be entered as justice and equity might require.

*F. L. Norton,* for the plaintiffs.

*W. R. Buckminster,* (*M. B. Lynch* with him,) for the defendant.

RUGG, C.J. This suit in equity was commenced in October, 1912. Issue was joined and the case referred to a master, whose

death before making report, was suggested of record on May 4, 1915. The original defendant died on May 5, 1917, and administrator of his estate was appointed on May 24, 1917, who thereafter gave due notice of his appointment, affidavit thereof being filed on August 27, 1920. So far as shown by the record, no action appears to have been taken after May 4, 1915, until November 26, 1920, when the plaintiff filed a suggestion of the death of the defendant and motion that his administrator be summoned. A citation was issued returnable on the first Monday of January, 1921. In the meantime, on September 20, 1920, a general order of the Superior Court was issued to the effect in substance that notice be sent on or before December 1, 1920, to counsel of record in all suits in equity wherein no action had been taken for two years preceding October 1, 1920, that such case "will be dismissed on the eighteenth day of December following, unless a motion that such case be allowed to remain on the docket setting out fully cause therefor with affidavit in support thereof, shall be filed on or before the fifteenth day of said December, the party filing such motion and affidavit shall on the same day give notice thereof to the adverse party as provided in Common Law Rule 28. Proof of such notice, if not accepted, shall be shown by affidavit filed before said eighteenth day of December. If no such motion and affidavit with proof of notice thereof, are filed, the case without further notice or hearing shall on said eighteenth day of December be dismissed and entry thereof made by the clerk on the docket under each case." No compliance with this order was made by the plaintiff unless the suggestion of death and motion filed as stated on November 26, 1920, are to be so treated.

The administrator of the defendant appeared specially on February 1, 1921, and objected to the jurisdiction of the court. It is agreed that the estate of the defendant has been fully administered except that settlement of balance of inheritance tax remains to be made and that no account has been filed in the Probate Court, and that the estate has not been represented insolvent.

No final decree or docket entry of dismissal appears to have been made in the case. *Churchill* v. *Churchill*, 239 Mass. 443. See *Loonie* v. *Wilson*, 233 Mass. 420.

The general order of September 20, 1920, for dismissal on December 18, 1920, while operative as to all cases within its pur-

view, *Farnham* v. *Lenox Motor Car Co.* 229 Mass. 478, 481, *Feldman* v. *Feldman,* 230 Mass. 330, did not remove cases otherwise within its sweep from the general jurisdiction of the court to deal with them as justice under the law might require. The case at bar was pending in the Superior Court. Any judge acting within his jurisdiction might make an order concerning the case which would by its necessary effect render inapplicable the general order. *Catheron* v. *County of Suffolk,* 227 Mass. 598. *Reno* v. *Cotter,* 236 Mass. 556, 560. See *Karrick* v. *Wetmore,* 210 Mass. 578. Plainly it was within the general jurisdiction of the court in appropriate instances to grant a motion for a special precept in a pending case. It would have been vain for the court to issue a special precept on summons returnable on January 1, 1921, if the general order of dismissal during the preceding month was to stand and be operative. The ordering of the summons to issue was incompatible with the order for dismissal. They could not both stand as consistent court action. The ordering of the issuance of the summons was later in point of time and hence may be presumed to have been the final purpose of the court and to have superseded as to this case the earlier general order for dismissal, which but for the later order would have been applicable. In appropriate instances, even after the general order for dismissal had become effective, it would have been within the power of the court on motion seasonably made to vacate the order. *Pierce* v. *Lamper,* 141 Mass. 20, 23. *Dalton-Ingersoll Co.* v. *Fiske,* 175 Mass. 15, 17. The first objection to the jurisdiction of the court was overruled rightly.

The administrator of the deceased defendant appeared and pleaded that the citation to him was issued after the expiration of two years from the time when he gave bond as such administrator, he having also given notice of his appointment as administrator as required by law. Formerly there was no express limitation as to time within which the representative of a deceased defendant in an action at law which survived might be brought into the action as a party. *Bank of Brighton* v. *Russell,* 13 Allen, 221. That was changed by St. 1878, c. 200, embodied in R. L. c. 171, § 6 (see St. 1919, c. 333, § 34, now G. L. c. 228, § 5), which provided that such citation "shall not issue after the expiration of two years from the time such executor or administrator has given bond, if

he has given the notice of his appointment as required by law." Before the time when this provision first was enacted in 1878 there had been passed St. 1865, c. 42, found in these words in R. L. c. 171, § 17: "If a party to a suit in equity dies and the cause by the rules of equity may be revived against or in favor of an executor, administrator, heir, devisee or other person, such representative may, in lieu of proceedings to revive the same, appear or be summoned to prosecute or defend in like manner as in an action at law."   The history and the subject matter of these statutes show that all the terms of the statute relative to bringing the administrator of a deceased party into an action at law are applicable to a suit in equity.   The words "in like manner," in the phrase quoted, in this connection signify equal scope in equity as in law.   They import not only similarity in technical methods as to procedure, but also as to time within which relief must be sought.   There is every reason why the same limitation should prevail in cases of this sort in equity as at law.   Equity ordinarily follows the law as to statutes of limitation.   *Marvel* v. *Cobb*, 200 Mass. 293, 296, 297.   *Bremer* v. *Williams*, 210 Mass. 256.   The facts show that the citation or summons ought not to have issued and that hence the administrator of the deceased defendant ought not to be held to trial.

*Administrator of Charles J. Lynch discharged.*