SUFFOLK KNITTING MILLS & others *vs.* COSMOPOLITAN
TRUST COMPANY.

Suffolk.    March 18, 1925. — May 21, 1925.

Present: RUGG, C.J., PIERCE, WAIT, & SANDERSON, JJ.

*Trust Company*, In liquidation: limitation of action.

The commissioner of banks, in possession of the property and business of
a trust company, brought in the name of the trust company an action
against a depositor on a note originally given to the trust company in
its commercial department and, without the knowledge of the de-
positor, transferred to the savings department, where it was when the
commissioner took possession. Without first proving a claim with
the commissioner, the depositor brought a cross action and sought a
judgment on a deposit in the commercial department and that any
judgment in the action by the trust company be continued to await
determination of the amount which could be applied thereon from
dividends to be declared upon the account of the depositor in the
commercial department. While the actions were pending, a decree
was entered under G. L. c. 167, §§ 28, 36, setting a date two months
after the decree as a time beyond which claimants could not present
claims against the funds of the trust company. One year and four
months after the time of limitation fixed in that decree, the actions
were determined against the depositor. About three and one half
months thereafter, he brought a bill in equity to enforce priority over
other creditors as to his deposit in the commercial department on the
ground that by fraud of the trust company's president he was induced
to refrain from withdrawing his deposit one day before the commissioner
took possession. *Held*, that
  (1) The decree of limitation was reasonable;
  (2) The decree of limitation was a bar to the suit.

BILL IN EQUITY, filed in the Supreme Judicial Court for
the county of Suffolk on June 7, 1924, by Suffolk Knitting
Mills, the principal on a bond to dissolve an attachment in
an action against it, and Frank Cohen, administrator of the
estate of Lizzie Cohen, and Annie Gordon, (Lizzie Cohen and
Annie Gordon being sureties on that bond,) seeking to require
the defendant to set off a claim of the plaintiff corporation
upon deposits, placed with the defendant by reason of false
representations of the defendant's president on the day be-
fore the commissioner of banks took possession of the trust

company's property and business, and thus partially to satisfy an execution running against the plaintiff corporation in favor of the trust company in the action in which the bond had been given.

The defendant moved that the bill be dismissed on the grounds described in the opinion. The motion was heard by *Carroll*, J. Material facts are described in the opinion. By order of the single justice, a final decree was entered dismissing the suit. The plaintiffs appealed.

The rescript in *Cosmopolitan Trust Company* v. *Suffolk Knitting Mills*, 247 Mass. 530, was dated February 25, 1924.

*M. Witte*, for the plaintiffs.

*H. O. Cushman*, (*G. L. Vaughan* with him,) for the defendant.

RUGG, C.J. The plaintiff corporation, a depositor in the Cosmopolitan Trust Company, seeks by this suit to establish a trust in its favor in a portion of the funds of the trust company in the hands of the commissioner of banks who on September 25, 1920, took possession of its business and property under the statute, and who has since been liquidating its affairs. It is not necessary to recite the allegations of the bill further than to say that the plaintiff corporation has been diligent in asserting its various contentions as appears from *Cosmopolitan Trust Co.* v. *Suffolk Knitting Mills*, 247 Mass. 530. The present bill was filed on June 7, 1924, which was after the termination of the prior litigation. The defendant filed a motion to dismiss on the ground that by decree of court entered on August 15, 1922, after due notice and hearing, the time beyond which claimants should not present claims against the funds of the trust company was fixed at October 16, 1922, and that no suit in equity or action at law for the purpose of establishing rights to any property of the trust company should be brought after October 16, 1922. A final decree was entered dismissing the bill on this ground. The plaintiff's appeal brings the case here.

The liquidation statute does not establish an express period of limitation within which claims must be proved or put in suit. It is provided in G. L. c. 167, § 28, that the

commissioner in possession of a trust company for purposes of liquidation must give notices calling on all persons having claims to make proof of them before a specified time. The court is given power in equity to enforce the provisions of that and of other sections by G. L. c. 167, § 36. It is plain that as a practical matter some time must be fixed after which no proceedings at law can be instituted against the commissioner in possession of a trust company for the purpose of liquidating its business. The clear implication from G. L. c. 167, §§ 28, 29 and 31, is that the decree of the court in equity, after adequate notice fixing a time after which there can be no new suit instituted or action brought, is valid and binding. The nature of the liquidation requires that such power exist. Otherwise, the affairs of the trust company can never be wound up and its assets distributed among its creditors. The aim and end of the liquidation statute is to collect the assets of an insolvent trust company, to convert them into cash and to pay the proceeds in just proportion to its creditors, all as quickly as is consistent with sound judgment. This main object of the liquidation statute would be frustrated unless power was vested somewhere to fix a limitation of time after which new litigation must cease. That established in the case at bar was reasonable, being more than two years after the time when the commissioner took possession of the property and business of the trust company.

The suit in the case at bar manifestly was brought long after the expiration of the time limited in the decree of August 15, 1922. That decree is a complete bar to the prosecution of the present suit.

The rights of the other plaintiffs as set out in the bill are completely subordinate on this point to the rights of the corporate plaintiff. They cannot prevail if it fails. It is not necessary to discuss their position as revealed on the face of the bill.

*Decree dismissing bill affirmed*
*with costs of appeal.*