OSWALD J. McCOURT *vs.* MAYOR AND CITY COUNCIL OF BOSTON.

Suffolk. October 21, 1925. — November 25, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Probation Officer. Municipal Court of the City of Boston. County Commissioners of Suffolk County.*

Under the provisions of G. L. c. 276, § 83; c. 34, § 4, a vote of the city council of Boston approved by the mayor is sufficient to signify concurrence by the county commissioners of Suffolk County in action by the justices of the Municipal Court of the City of Boston determining the amount of salaries to be paid to probation officers: a meeting of the mayor and council in joint session is not necessary.

After the justices of the Municipal Court of the City of Boston, under G. L. c. 276, § 83, have fixed salaries to be paid to probation officers and their action has been approved by the county commissioners, the county commissioners have no further power of approval or disapproval as to what or how many such officers shall be appointed by the justices to receive such salaries.

Where, after an order by the justices of the Municipal Court of the City of Boston fixing salaries of deputy male probation officers has been

approved by the county commissioners of Suffolk County, that court approved the appointment of an additional deputy, who forthwith entered upon his duties, such deputy is entitled to the salary fixed notwithstanding disapproval of its payment to him by the county commissioners; and, since he may recover such salary as it becomes due in an action of law, he cannot maintain a petition for a writ of mandamus directing the mayor and common council of Boston "forthwith to meet and consider and decide what salary, not exceeding the sum so determined by said justices, the services of your petitioner in said office are worth."

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on January 9, 1925, for a writ of mandamus requiring the mayor and city council of Boston "forthwith to meet and consider and decide what salary, not exceeding the sum so determined by said justices, the services of your petitioner in said office are worth."

The petition was heard by *Sanderson, J.* Material facts found by him are described in the opinion. He reported the case to the full court for determination upon the pleadings and his findings.

The case was submitted on briefs.

*W. Bolster*, for the petitioner.

*E. M. Sullivan*, Corporation Counsel, & *S. Silverman*, Assistant Corporation Counsel, for the respondents.

BRALEY, J. This is a petition for a writ of mandamus to compel the respondents, who are respectively the mayor and members of the city council of Boston, to meet, consider and decide, what salary not exceeding $2,800 shall be paid to the petitioner for services as a duly appointed probation officer of the Municipal Court of the City of Boston.

The Chief Justice of that court, subject to the approval of the associate justices, is empowered by G. L. c. 276, § 83, to appoint probation officers from time to time as may be deemed necessary, the appointee to hold office during the pleasure of the court. The compensation is to be fixed by the court subject to the concurrence of the county commissioners, which shall be paid by the county on vouchers approved by the Chief Justice. The justices, acting under the statute, determined on March 31, 1924, that the salaries of all deputy male probation officers shall be $2,800 a year,

subject to concurrent action by the county commissioners, whose powers in so far as material under the provisions of G. L. c. 34, § 4, are conferred on the mayor and city council. The action of the court having been communicated to the city council, it voted on April 28, 1924, that salaries of deputy male probation officers and assistant probation officers be approved for $2,800, and this action of the council was approved by the mayor on May 2, 1924. It is of no consequence that the mayor and council did not meet in joint session to consider and pass upon the question. A direct approval only was required, and the action taken was sufficient. *Butterworth* v. *Western Assurance Co.* 132 Mass. 489, 494.

The power of approval or of disapproval relates, however, solely to the amount of salary. It does not embrace the character or qualifications of appointees, which is left to the discretion of the court. The salary therefore was lawfully fixed by the general order until the court changed it, and the county commissioners, who had nothing to do with the number that had been, or who might thereafter be appointed, concurred in the change. G. L. c. 276, § 83. The establishment of the salary for all appointees also fixed the salary for each appointee and separate action as to salary in subsequent appointments was unnecessary.

The petitioner's appointment on December 4, 1924, as probation officer to become effective forthwith at an annual salary of $2,800 having been valid, the salary was payable by the county on vouchers approved by the Chief Justice. *Catheron* v. *County of Suffolk*, 227 Mass. 598. G. L. c. 276, § 83. The notice of his appointment transmitted by the Chief Justice to the city clerk, and the action of the city council December 15, 1924, disapproving it, do not affect the petitioner's title to the office and his right to the salary.

But the petition alleges, the demurrer admits, and the single justice found that the petitioner accepted, has performed, and is now performing his official duties. If he obtains the necessary vouchers, his salary must be paid by the county and is recoverable in an action at law. *Ransom* v. *Boston*, 192 Mass. 299. *Hill* v. *Mayor of Boston*, 193

Mass. 569. *Catheron* v. *County of Suffolk, supra.* G. L. c. 35, §§ 1, 13, 14. The petitioner accordingly has mistaken his remedy, and the petition must be dismissed. *Murray* v. *Stevens,* 110 Mass. 95.

*So ordered.*