MORRIS ROTHSTEIN *vs.* COMMISSIONER OF BANKS & another.

Suffolk. November 8, 1926. — January 7, 1927.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Equity Pleading and Practice,* Demurrer: want of jurisdiction. *Equity Jurisdiction,* Counsel fees. *Supreme Judicial Court. Trust Company,* Liquidation: counsel fees.

There is in this Commonwealth no such pleading known to equity practice as a motion to dismiss.

Where the defendant in a suit in equity filed a document entitled "Motion to Dismiss," which as to its substance was a demurrer to the bill for want of jurisdiction, and the whole question at issue between the parties might be determined upon the record, this court on appeal from a decree dismissing the bill decided the question on its merits as if raised by a demurrer, giving the defendant leave to file a demurrer setting forth the same grounds as were stated in the motion to dismiss, and ordering that after such filing the demurrer should be sustained and the bill dismissed.

There is no jurisdiction in the Supreme Judicial Court in equity to order paid, from a fund which the court had refused to permit the commissioner of banks, in possession of the property and business of a trust company, to transfer from the company's commercial to its savings department, counsel fees and expenses incurred by a depositor in the commercial department in opposition to the commissioner's petition for leave to make such transfer.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on September 17, 1925, and afterwards amended, seeking that a fund of $80,236.50, which the commissioner of banks, in possession of the property and business of Cosmopolitan Trust Company, had sought to transfer from the commercial to the savings department,

and which, following efforts of the plaintiff and of his counsel, the court had ordered retained in the commercial department, be charged with counsel fees of the plaintiff in the amount of $12,873.10.

A "Motion to Dismiss" was filed by the defendant. By order of *Crosby,* J., a final decree was entered dismissing the bill. The plaintiff appealed.

The case was submitted on briefs.

*M. M. Horblit & J. Wasserman,* for the plaintiff.

*H. O. Cushman & G. L. Vaughan,* for the defendants.

RUGG, C.J. This is a bill in equity. The defendant filed what is termed a "Motion to Dismiss." There is in this Commonwealth no such pleading known to equity practice as a motion to dismiss. *Noyes* v. *Bragg,* 220 Mass. 106, 110. *Wickwire Spencer Steel Corp.* v. *United States Spring Co.* 247 Mass. 565, 568. *Nelson Theatre Co.* v. *Nelson,* 216 Mass. 30, 32. It is provided by G. L. c. 214, § 13: "A defence to a suit in equity shall be made by demurrer, plea or answer." The practice thus established is recognized and followed in Equity Rules 5, 7 (1926). This is in conformity with general rules of pleading in equity. *Thrasher* v. *Partee,* 37 Ga. 392, 396. *Conover* v. *Ruckman,* 5 Stew. (N. J.) 685. *Dupuy* v. *Gibson,* 36 Ill. 197, 199. *Conway* v. *Sexton,* 243 Ill. 59, 62. Where a contrary practice exists it commonly is by virtue of a special rule. *Vineland* v. *Maretti,* 93 N. J. Eq. 513, 518. *Watson* v. *Wagner,* 202 Mich. 397, 401. Equity Rule 29 of Federal Courts (1912). *International Paper Co.* v. *Commonwealth,* 232 Mass. 7, 10, was not a suit in equity although under the governing statute proceedings were made conformable to equity practice so far as applicable; and the irregularity of a motion to dismiss was not argued nor suggested and was passed *sub silentio.* In *Suffolk Knitting Mills* v. *Cosmopolitan Trust Co.* 252 Mass. 394, no question of practice was raised and the anomalous nature of such a motion passed unnoticed. Perhaps other similar cases may be found.

The substance of the paper filed by the defendant in the case at bar is a demurrer for want of jurisdiction. *Weiscopf* v. *Commissioner of Banks, post,* 199.

The proper way to raise the question of want of jurisdiction in equity in this Commonwealth is by demurrer. *May* v. *Parker*, 12 Pick. 34, 36.

Since the motion to dismiss as to its substance was a demurrer and its grounds would properly constitute a demurrer; and since the whole question at issue between the parties may be determined on this record, G. L. c. 231, § 124, we proceed to decide the question on its merits as if raised by a demurrer. *Sullivan* v. *Roche*, 257 Mass. 166.

The substance of the bill is, that the plaintiff is the holder of a duly issued certificate of proof of claim against the commercial department of the Cosmopolitan Trust Company whose assets and property are in the possession of the commissioner of banks. The commissioner of banks filed a petition to transfer a large sum from the commercial department to the savings department. The plaintiff appeared in opposition to the allowance of that petition, employed counsel to support his contentions and was in part successful in that opposition. It is alleged that the commissioner of banks refuses to make or approve any payment for disbursements made by the plaintiff for counsel fees and other expenses in connection with this proceeding, wherefore he prays that the fund in the commercial department be declared subject in equity to a charge in favor of the plaintiff for these expenses.

It was held in *Commissioner of Banks, in re Prudential Trust Co.* 240 Mass. 478, 483, 484, that in many aspects the relation of a "trust company to its depositors in its savings department is that of trustee to his *cestui que trust,* and to its commercial depositors that of common law debtor to his creditor." The rights which the present petitioner was enforcing in the litigation for which he here seeks counsel fees were strictly legal and not equitable. In the case just cited, counsel fees were held to be properly allowed because of a request to "prepare a brief and present arguments in behalf of the savings depositors because their individual interests were so small as to render it impracticable for any of them to retain counsel in their own behalf." That allowance was made for the benefit of the

*cestui que trust.* It is distinguishable from the case at bar where strictly legal rights were being enforced by the plaintiff. There is no equitable ground for the allowance of plaintiff's counsel fees out of the fund.

The defendant is given leave to file a demurrer setting forth in substance the same grounds as are stated in the "Motion to Dismiss," improperly filed. When such demurrer is filed, an order may be made sustaining the demurrer, and a final decree entered dismissing the bill with costs.

*Ordered accordingly.*