E. S. PARKS SHELLAC COMPANY *vs.* FREDERICK M. JONES
& another, executors.

Bristol.   November 8, 1928. — November 26, 1928.

Present: RUGG, C.J., CROSBY, CARROLL, & SANDERSON, JJ.

*Executor and Administrator. Equity Pleading and Practice*, Plea.
*Limitations, Statute of. Statute*, Construction. *Corporation*, Officers
and agents: officer's liability. *Equity Jurisdiction*, To enforce liability
of officer of corporation.

There is no such pleading known in equity as "Objection to the Juris-
diction of the Court and Motion of the Executors [of the will of one
originally a defendant] to Dismiss."

A plea is the appropriate form of pleading to be adopted by the executor
of the will of one, who died after a suit in equity against him was
begun, to assert the defence under G. L. c. 228, § 5, that the executor
did not voluntarily appear in the suit and that no process was issued
to summon him to appear until more than a year had passed from the
dates of his giving bond as executor and of due notice of his appoint-
ment.

The character of a pleading or other paper put upon the files of the court
must be determined from its essential substance and not from the
title, name or description attached to it.

If a defendant in an action or suit dies and the cause of action is one
which survives, the burden is upon the plaintiff to ascertain the fact
of death and to act seasonably to protect his rights under G. L.
c. 228, §§ 4, 5.

Statutes of limitation, where they contain no language clearly limiting
their application to causes of action arising in the future, are con-
strued to apply as well to causes of action which already have accrued
as to those which may accrue afterwards, if sufficient time has been
allowed between the passing of the act and the time fixed for the
new limitation to take effect to afford full opportunity for all persons
having such causes of action to bring their suits.   Following *Mulvey
v. Boston*, 197 Mass. 178.

The short statute of limitations which became effective by the enact-
ment of G. L. c. 228, § 5, applied to a suit in equity begun on June 3,
1919, against one who died on February 5, 1926, and the executor
of whose will qualified by filing a bond and giving notice of his appoint-
ment in March, 1926, but who did not voluntarily appear to defend
the action and was not summoned to appear until June 9, 1927; the
circumstance, that the suit was pending at the time of the enactment
of G. L. c. 228, § 5, was not of importance.

There is nothing in the provision of St. 1903, c. 437, §§ 34, 35, 36, 37, as amended by St. 1911, c. 488, §§ 1, 2, to prevent the provisions of G. L. c. 228, § 5, taking effect in the circumstances above stated.

BILL IN EQUITY, under St. 1903, c. 437, §§ 34, 36, as amended by St. 1911, c. 488, §§ 1, 2, begun by writ of summons and attachment in the Superior Court on June 3, 1919, and afterwards on motion of the defendant Harris removed to the Supreme Judicial Court, to require the defendant Frederick Harris to pay a balance due on a debt of the defendant Dickinson Manufacturing Company to the plaintiff by reason of the fact that he, while the president and a director of that corporation, in 1917 signed a false certificate of condition of the corporation which was filed with the Secretary of the Commonwealth on April 9, 1917.

The suit previously was before this court on a report by *Carroll*, J., of rulings overruling pleas and demurrers by the defendants, when, by a decision reported 237 Mass. 312, the defendants were ordered to answer.

Proceedings following the death of the defendant Harris in 1926 are stated in the opinion. In the circumstances there stated, *Wait*, J., dismissed the bill and reported his ruling to the full court for determination.

*J. Little*, for the plaintiff.

*Lee M. Friedman*, for the defendants.

RUGG, C.J. This is a suit by a creditor to enforce the statutory liability of a director and president of a domestic corporation. The bill was filed in July, 1919. Suggestion that the defendant had died on February 5, 1926, while the suit was pending, was filed on April 1, 1927. The executors of the will of the defendant did not voluntarily appear. Summons to them to come in and defend the suit issued on June 9, 1927. The executors appeared specially on July 7, 1927. On the same day they filed a paper entitled "Objection to the Jurisdiction of the Court and Motion of the Executors to Dismiss." Therein it was alleged in substance that the original defendant died on February 5, 1926, that executors of his will were duly appointed and qualified on

March 4, 1926, that notice of their appointment was given seasonably and affidavit thereof filed on March 11, 1926, all pursuant to the requirements of law, and that the court was without authority to summon them to appear in the suit when the citation issued, being more than one year after their appointment and the due notice and affidavit thereof, and praying that the suit might be dismissed as to them.

There is no such pleading known in equity as "Objection to the Jurisdiction of the Court and Motion of the Executors to Dismiss," the title by which the paper filed by the executors is headed. *Rothstein* v. *Commissioner of Banks,* 258 Mass. 196, and cases there collected. The substance of the matter thus put upon the files of the court was proper for a plea in equity. A plea was the appropriate form of equity pleading for the defendant to adopt to bring the facts before the court. *Eastman Marble Co.* v. *Vermont Marble Co.* 236 Mass. 138, 144, 148, and cases cited. *Crease* v. *Babcock,* 10 Met. 525, 543. Whether this form of pleading be treated as in abatement, to the jurisdiction, or as setting up the short statute of limitations or other bar to the further prosecution of the suit, in its essential substance the matter set forth was proper for a plea in equity. 1 Dan. Ch. Pract. (6th Am. ed.) 626, 627, 639. Story's Eq. Pl. (10th ed.) §§ 700, 706, 750. The report describes this paper as a plea.

The character of a pleading or other paper put upon the files of the court must be determined from its essential substance and not from the title, name or description attached to it. *Corey* v. *Tuttle,* 249 Mass. 135, 137. *Rothstein* v. *Commissioner of Banks,* 258 Mass. 196, 198. *Magee* v. *Flynn,* 245 Mass. 128, 130. *Frati* v. *Jannini,* 226 Mass. 430, 432. See *Attorney General* v. *Henry,* 262 Mass. 127, 130. Similar pleading, both as to its title and substance, was considered on its merits without discussion in *Beal* v. *Lynch,* 242 Mass. 65. The case at bar will be considered on the merits of the facts set forth as if they had been pleaded with technical accuracy both as to title and substance. There is nothing inconsistent with this result in *Finance Corp. of New England* v. *Parker,* 251 Mass. 372.

At the hearing before the single justice no question was raised as to the truth of the facts set forth in the plea. The plaintiff also agreed that no relief was sought against any party except the deceased director and president and his estate in the hands of his executors.

It is provided by G. L. c. 228, § 4, that in a "personal action the cause of which survives, if there is only . . . one defendant and he dies after the commencement of the action and before final judgment, the action may proceed . . . against his executor . . . . If the executor . . . does not voluntarily appear, the surviving party may take out a citation from the court requiring the executor . . . to appear . . . "; and by § 5 that "Such citation . . . shall not issue after the expiration of one year from the time such executor . . . has given bond, if he has given the notice of his appointment as required by law." These statutory provisions are so plain as to show without discussion that, in the ordinary personal action which survives, the executors of the deceased defendant ought not rightly to be summoned in to defend the action upon the facts as to appointment and notice and return of affidavit disclosed on the present record. The burden commonly rests upon the plaintiff in such cases to ascertain the fact of death and act seasonably to protect his rights. *Beal* v. *Lynch,* 242 Mass. 65, 68, 69. *Finance Corp. of New England* v. *Parker,* 251 Mass. 372, 377. *Haven* v. *Smith,* 250 Mass. 546, 548. *Wells* v. *Child,* 12 Allen, 330, 333. See *Leach* v. *Leach,* 238 Mass. 100.

The plaintiff seeks to avoid the effect of this short statute of limitations on two grounds.

Its first contention is that the statute is not applicable because, at the time the cause of action accrued and the suit was instituted, the statute in force was R. L. c. 171, § 6, whereby the applicable statute of limitations was two years; and that the citation here in issue was taken out before the expiration of that time. The reduction of the period of limitation from two years to one year became effective on January 1, 1921, by the enactment of G. L. c. 228, § 5, the provision of St. 1919, c. 333, § 34, to the same effect, having been postponed as to its effective date. St. 1919, c. 333,

§ 41, and St. 1920, c. 2. The plaintiff relies in this connection upon the settled principle that statutes are presumed to be prospective and not retroactive in operation. *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1, 3–5, and cases there reviewed. *Fullerton-Krueger Lumber Co.* v. *Northern Pacific Railway,* 266 U. S. 435, 437. It was held by the whole court upon great deliberation with full review of authorities in *Mulvey* v. *Boston,* 197 Mass. 178, that that principle was not applicable to a statute shortening the period of limitation for bringing an action, provided a reasonable time is allowed within which an action may be brought after the enactment of the statute. Further discussion of the point is unnecessary in view of that decision. It has been frequently followed in subsequent decisions. *Nelson* v. *Blinn,* 197 Mass. 279, 282. *Lewis* v. *Crowell,* 205 Mass. 497. *Colby* v. *Smith,* 219 Mass. 211, 215. *Tabolsky* v. *Crandon,* 259 Mass. 32. *Barry* v. *Bay State Street Railway,* 222 Mass. 366, 370. See also to the same effect *Rex* v. *Chandra Dharma,* [1905] 2 K. B. 335. *Kozisek* v. *Brigham,* 169 Minn. 57.

The plaintiff in the case at bar has no ground for complaint because the event, upon which the short statute of limitations became operative as to it, did not occur until long after the statute went into effect. The plaintiff had the benefit of the entire period thereby allowed. For reasons pointed out in *Mulvey* v. *Boston,* 197 Mass. at pages 181, 182, the case of *King* v. *Tirrell,* 2 Gray, 331, is not inconsistent with the conclusion here reached. Likewise, *Bank of Brighton* v. *Russell,* 13 Allen, 221, is irrelevant for reasons stated in *Beal* v. *Lynch,* 242 Mass. at page 68. The circumstance that the suit of the plaintiff was pending at the time of the enactment of G. L. c. 228, § 5, is of no importance in this connection. The cause of action was pending whether suit had been brought, or not.

The second ground urged by the plaintiff to avoid the effect of the short statute of limitations is that the statutes creating its cause of action render inapplicable any special limitation upon the prosecution of its suit arising from the death of the

defendant. The plaintiff's cause of action does not exist apart from the statute by which it is established.

The governing statutes in this particular are St. 1903, c. 437, §§ 34, 35, 36, 37, as amended by St. 1911, c. 488, §§ 1, 2. (See now G. L. c. 156, §§ 36, 37, 38, 39.) Said c. 437, § 37, which has not been amended and which controls the rights of the parties, is in these words: "Such suit shall not be discontinued by the plaintiff except by order of the court after notice to other creditors. It shall not abate by reason of the nonjoinder of persons liable as defendants, unless the plaintiff, after notice by plea or answer of their existence, unreasonably neglects to make them parties; nor shall it abate by reason of the death of a defendant, but his estate shall be liable in the hands of his executor or administrator, who may voluntarily appear, or who may be summoned by the plaintiff, to defend the suit." The first sentence of this section has no relevancy to the operation of any statute of limitations. It has to do solely with a discontinuance of the suit undertaken at the volition of the plaintiff. The provision that the suit shall not abate by reason of the death of the defendant, but liability against his estate shall continue, likewise has nothing to do with any statute of limitations but covers a different field. Survival of actions is largely the creature of statute. At common law all personal actions abated with the death of one of the parties. *Mellen* v. *Baldwin*, 4 Mass. 480. *Putnam* v. *Putnam*, 4 Pick. 139, 140. *Electric Welding Co. Ltd.* v. *Prince*, 195 Mass. 242, 260. *Putnam* v. *Savage*, 244 Mass. 83. This provision of said § 37 has ample scope in making it plain that the Legislature intended that this cause of action which it was creating should survive the death of either party and should not fall under the operation of the common law. This is the natural meaning of its words.

It follows that the plaintiff cannot prosecute its suit further against the executors of the deceased defendant in the circumstances here disclosed.

*Decree ordering bill dismissed affirmed with costs.*