EDWARD AVERY *vs.* COUNTY OF NORFOLK.

Middlesex.    May 12, 1932. — June 28, 1932.

Present: RUGG, C.J., WAIT, FIELD, & DONAHUE, JJ.

*Probation Officer.    District Court.*

Where, in response to a letter by a judge of a district court, acting under G. L. c. 276, § 83, to county commissioners, stating, "I consider it fair to the Chief Probation Officer . . . considering the services which . . . [he is] called upon to render to submit for your approval the following increase in salaries: F, Chief Probation Officer the sum of $3000 . . ." the county commissioners voted that "the salary of F, as Probation Officer . . . fixed by the Justice of said Court at the rate of three thousand dollars ($3000) per annum, be and the same hereby is approved," such order was limited to approval of the salary of F and could not fairly be construed as approving a fixed salary for his office, thereafter to be paid to any subsequent holder thereof.    Distinguishing *McCourt* v. *Mayor & City Council of Boston*, 254 Mass. 100.

While a general order may be made by a judge of a district court under G. L. c. 276, § 83, which shall fix, without necessity for separate action whenever a vacancy is filled, the stated compensation of successive appointees to the same office, such order must be so clear in its language to that effect that, upon approval by the county commissioners, such approval can be held to have been made with the intent of fixing a salary for the office, rather than of approving the payment of the stated sum to a named appointee.

CONTRACT.    Writ dated December 3, 1931.

In the Superior Court, the action was heard by *Gray*, J., without a jury, upon an agreed statement of facts.    Material facts are stated in the opinion.    The judge found for the defendant.    The plaintiff alleged exceptions.

*A. N. Hunt*, (*F. A. Hunt* with him,) for the plaintiff.

*D. P. Ranney*, for the defendant.

WAIT, J.    The plaintiff is the chief probation officer of the District Court of East Norfolk, duly appointed by the judge of that court on November 2, 1931, to fill a vacancy caused by the death of Francis J. Fahy.    He brings his action in contract to recover money alleged to be due as his salary from the county of Norfolk fixed, as he con-

tends, at $3,000 per year.  G. L. c. 276, § 83, so far as here
material, provides, ". . . the justice of each . . . district
court . . . may appoint such male and female probation
officers as they may respectively from time to time deem
necessary for their respective courts; and if there is more
than one probation officer in one court, one of such officers
may be designated as chief probation officer . . . in . . .
district courts . . . the justice thereof, shall fix the com-
pensation of each probation officer appointed for such
court, which compensation shall be subject to approval by
the county commissioners and shall be paid by the county
on vouchers approved . . . by the justice of such . . .
district . . . courts."

The county contends that the county commissioners
have never approved a salary of $3,000 per year for the
plaintiff as chief probation officer.

The case was tried upon the pleadings and agreed facts,
the court being authorized to draw inferences therefrom.
The judge found for the defendant.  From these facts the
following appears:  On January 7, 1929, the judge of the
District Court wrote the county commissioners stating
that, owing to the increase of the business of the court,
"I consider it fair to the Chief Probation Officer and the
woman Probation Officer, considering the services which
they are called upon to render to submit for your approval
the following increase in salaries: Mr. Francis J. Fahy,
Chief Probation Officer the sum of $3000 and for the As-
sistant Probation Officer Miss Helen H. Gavin the sum of
$1800."  The county commissioners on October 29, 1929,
entered and recorded the following: "Ordered — that in
accordance with vote of County Commissioners passed
July 2, 1929, the salary of Francis J. Fahy, as Probation
Officer of the District Court of East Norfolk at Quincy,
fixed by the Justice of said Court at the rate of three thou-
sand dollars ($3000) per annum, be and the same hereby is
approved at the rate of three thousand dollars ($3000)
per annum, payable monthly, same to take effect as of
October 1, 1929."  Fahy died October 8, 1931.  Until
October 19, 1931, the duties were performed by assistants

who had worked under Fahy. On October 19 John J. O'Hara was appointed chief probation officer *pro tempore* and performed the duties until November 2. He was paid at the rate of $3,000 per year, $9.90 a day for each working day, the amount which had been paid Fahy since 1929. Under date of November 2, 1931, the judge wrote to the county commissioners: "I hereby notify you that I have this day November 2nd, 1931 appointed Edward Avery of Braintree to be Probation Officer of the District Court of East Norfolk to fill the vacancy caused by the death of Francis J. Fahy. The salary already established by your honorable board for the position as Chief Probation Officer is $3000"; and, under date of November 3, 1931, the county commissioners replied as follows: "Your letter of November 2nd in regard to the appointment of Edward Avery, Chief Probation Officer of the District Court of East Norfolk duly received. It is against the policy of this Board to commence a new man at the same salary as that paid a former incumbent of many years service. In the case of the salary of the new Probation Officer for your Court, this Board has, to-day, voted to approve a salary of $2400 per year." The judge acknowledged this letter, denying their right to lower a salary once fixed by him and approved by them, and declining to fix the salary at $2,400 per year. In reply, the county commissioners quoted from G. L. c. 276, § 83, and stated: "If you care to fix the salary of your appointee at a sum not exceeding $2400.00 per year, you have the approval of this Board."

We think the judge of the Superior Court was right in construing this correspondence as, in fact, establishing a salary of $3,000 per year for Francis J. Fahy, and not as establishing a fixed salary for the office of chief probation officer. The payment at $9.90 a day for the service of interim appointees or probation officers performing the duties in the vacancy following Fahy's death does not constitute a binding recognition of a fixed salary of the office. In *McCourt* v. *Mayor & City Council of Boston*, 254 Mass. 100, this court upheld an order of the Chief Justice

of the Municipal Court of the City of Boston (approved by the associate justices of that court under G. L. c. 276, § 83, and also approved by the body which acts as the county commissioners of Suffolk County) which fixed a salary for "all deputy male probation officers" at $2,800 a year. A petition for mandamus to compel the mayor and aldermen to act to fix a salary for a probation officer appointed subsequently was dismissed, because the salary had been fixed irrespective of the person who was to fill the office, and the petitioner, therefore, could maintain an action at law for salary payments. Action by the city council refusing payment was held to be without justification in law. It was decided that fixing a salary for the office, as was there done, was to "fix the compensation of each probation officer appointed for such court." We think the two are not necessarily the same. Doubtless a general order may be made which shall fix, without necessity for separate action whenever a vacancy is filled, the stated compensation of successive appointees. Such order must, however, be so clear in its language that the county commissioners can be held to have approved it with the intent of fixing a salary for the office, rather than to have approved the payment of the stated sum to a named appointee.

In the case before us the situation differs from that in the *McCourt* case. The county commissioners' order of October 29, 1929, is manifestly limited to approval of a salary for Fahy. Its language cannot fairly be construed as approving a salary fixed henceforth to be paid to any subsequent chief probation officer.

In so far as the requests to which exceptions were taken raised questions of fact, no exception lies; and, in so far as they raised questions of law, the rulings were correct. No salary has been fixed for which the plaintiff can maintain his action.

*Exceptions overruled.*