Pettingell, J.
The report describes the proceeding as <6a suit brought by the plaintiff, a probation officer * * * for his salary as such officer.” We take it to be an action of contract and so deal with it. The salary sued for was for the period from February 7, 1938 to June 30, 1938. At *283 the trial in the district court the parties agreed upon certain facts, of which the material facts, taking them in their aspect most favorable to the plaintiff, were, that in December 1937, he was duly appointed an additional probation officer in the First District Court of Eastern Middlesex at a salary of $1800; that in February 1938, the Administrative Committee of the District Courts approved the ap- . pointment; that the plaintiff entered upon his duties as probation officer, February 7, 1938; that the County Commissioners were duly notified in December 1937 of the salary fixed by the justice of the court; that no action was taken by them before February 31,1938, on which date they wrote the justice of the court that they disapproved of the appointment and that “the statute does not allow the appointment of any permanent employee until an appropriation sufficient therefor has been granted by the Legislature”; that the Commissioners, subsequent to February 11, 1938 and before July 1, 1938, approved the salary fixed by the justice and made provision for it in the 1938 budget, “approval of said salary to be effective as of July 1,1938.”
The trial judge found for the plaintiff and reported the case to the Appellate Division, with the statement that “If my finding for the plaintiff is justified upon any grounds judgment is to be entered in due course. Otherwise judgment is to be entered for the defendant.”
This is an action at law to recover a salary alleged to be due an officer of a court. It is not a proceeding, such as mandamus, to compel the defendants to perform a duty. The plaintiff, to recover, must establish a case, showing, as to appointment, compliance with the requirements of municipal law applicable to the appointment of public officers. He must show a completed contractual relation between himself and the county, and that there was money available for payment which had been appropriated for that purpose. *284 For such an appointment, G. L. (Ter. Ed.) C. 276, §83, as amended by St. 1936, C. 360 and St. 1937, C. 186, requires certain coordinated action. The justice of the court may appoint and may fix the salary. The appointment must then be approved by the Administrative Committee of the District Courts. Until such approval, there is no appointment. This is like the situation which exists when the concurring action of a city council is necessary to complete an appointment. Commonwealth v. Allen, 128 Mass. 308, at 311. Saunders v. City of Lawrence, 141 Mass. 380, at 384, 385.
Separate and apart from the approval of the Administrative Committee, the statute gives the County Commissioners the responsibility of approval of the salary. Their power and authority is limited to that one feature alone. McCourt v. Mayor &c. of Boston, 254 Mass. 100, at 102. The salary, however, must be approved by the County Commissioners before the appointee has any right to collect it. Avery v. County of Norfolk, 279 Mass. 598, at 601.
Whether or not the plaintiff, after the approval of his appointment, by the Administrative Committee early in February, had sufficient status to have compelled the County Commissioners to take action on his .salary before July 1st, is not the question before us; what we have to decide is whether on February 7, 1939, when he began his work as probation officer, or at any definite time thereafter before July 1st, there was any salary to which he was legally entitled.
It is certain that when the County Commissioners wrote the Justice of the district court on February 11, 1939', no salary had been approved, and that no money had then been provided or appropriated for a salary. The report states “Said County Commissioners approved the salary of $1800 ****** and asked that provision be made in the 1938 *285 budget, approval of said salary to be effective as of July 1, 1938.”
There is nothing in the report that fixes the time when the County Commissioners approved the salary. It was certainly after February 11, and certainly before July 1. We do not pass upon the question whether the defendants had authority to approve a ¡salary for such an appointment to become effective at a future date. What is material to the case at this .stage is, that the plaintiff has failed to show any approval of his salary, effective prior to July 1st.
He has failed, also, to show that there was any appropriation of funds prior to that date. ‘ ‘ The salary for this particular office, although not large, was for a particular purpose requiring an appropriation in detail.” Daly v. Mayor of Medford, 241 Mass. 336, at 339. No financial liability is incurred by any act of a municipality until an appropriation has been made to meet the expense. Green v. Everett, 179 Mass. 147, at 151, 152. Even where there was a vote to employ, a watchman and at a designated salary, but no money was actually raised and appropriated to meet the expense, the vote to employ was invalid. Costello v. North Easton Village District, 205 Mass. 54 at 58, 59. “Moreover, there was nothing to show that at any time there were funds available from which the plaintiff’¡s claim properly could be paid.” McCarthy v. City of Malden, Mass. Adv. Sh. (1939) 1305, at 1309, 1310.
G. L. (Ter. Ed.) C. 35, §34, as amended, provides that “no new or unusual expense shall be incurred or permanent contract made * * * * * * until an appropriation sufficient therefor has been made by the General Court”. It is plain on the facts here, that the act of the Justice of the district court was the creation of a new office, the appointment of an additional probation officer. No such office had existed in 1937, and no appropriation for such an office had been made in that year. It is also, a matter of general knowledge *286 that the passage of the budget, so-called, is one of the last acts of the Legislature. In 1938, C. 437, which contains the appropriation for counties, was not approved until June 22, 1938. There could not have been, therefore, an appropriation available for this new office before that date, and there is nothing to show that that statute included any appropriation effective before July 1, 1938. No permanent contract could be made until there was such an appropriation.
This case is not like those in which a duly appointed municipal officer, with an established salary, does not receive his pay because of failure of those in charge of the finances to provide an appropriation for the salary. In Barnard v. Lynn, 295 Mass. 144, at 147, the court said,
“But without express statutory direction the city must include in the budget the sums necessary to pay the permanent force of employees, or must take lawful action to reduce either the force or the wages. It cannot remain inactive, permit the employees to work at the rate of wages lawfully fixed, and then set up a lack of money as an excuse for not paying them. ’ ’ See also, Goss v. Justice of Municipal Court, Mass. Adv. Sh. (1939) 69, at 70.
In each of those eases, however, the plaintiff was a permanent employee, who had been appointed, and whose salary was fixed and established, before the year in which there was a failure to appropriate. In this case the plaintiff has failed to show any facts leading to the conclusion that prior to July 1,1938, he had a contractual relation with the County or that any salary, of any amount, had been legally fixed, determined or established.
It is our opinion that the plaintiff f ailed to set out a case which established a right to recover on any ground. The finding for the plaintiff is to be vacated and judgment is to be entered for the defendants.