J. STEWART ROONEY *vs.* COUNTY OF ESSEX.

Middlesex.     November 7, 1935. — November 25, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*County. District Attorney. Statute,* Construction.

G. L. (Ter. Ed.) c. 12, § 24, covers the whole field of the necessary expenses of a district attorney in administering his office, except so far as that subject is covered by c. 213, § 8; and supersedes the common law.

A medical expert hired by a district attorney to perform services in the prosecution of a criminal case in a certain county could not maintain an action of contract for compensation for such services against the county under G. L. (Ter. Ed.) c. 12, § 24, if the district attorney had not made the certificate required by that statute and the expert's bill had not been approved as required thereby.

CONTRACT. Writ dated October 8, 1934.

A demurrer by the defendant was sustained in the Superior Court by *Morton*, J., and the plaintiff appealed.

*J. J. Krohn*, for the plaintiff.

*H. C. Thompson*, for the defendant.

RUGG, C.J. In this action of contract the plaintiff seeks to recover the value of his services averred to have been rendered to the defendant in the investigation, preparation and trial of a criminal cause. There are two counts in the declaration, each alleging that his services were rendered at the request of the district attorney. The first is on an account annexed. The second recites that the district attorney, in the name of the defendant, entered into a contract with the plaintiff to perform certain autopsies, necropsies and medical examinations, to attend consultations and to testify as an expert at the trial of a criminal case; that the plaintiff was to receive as compensation the expert fees prevailing in the community for services of that nature; that the plaintiff has performed his part of the contract, but the district attorney has unreasonably and arbitrarily refused to certify that the plaintiff's bill for services was necessarily incurred in the proper performance of the duties of the district attorney. The defendant filed a demurrer wherein nine causes are assigned. In substance those causes are that the plaintiff fails to set forth a cause of action in accordance with G. L. (Ter. Ed.) c. 231, that the matters alleged in the declaration are insufficient in law to enable the plaintiff to maintain his action, and that he fails to state a case under G. L. (Ter. Ed.) c. 12, § 24. The plaintiff's appeal from the order sustaining the demurrer brings the case here.

The plaintiff did not frame his declaration on the terms of G. L. (Ter. Ed.) c. 213, § 8, to the effect that "The courts shall, respectively, receive, examine and allow accounts for services and expenses incident to their sittings in the several counties and order payment thereof out of the respective county treasuries." That section does not enable district attorneys on their sole responsibility to bind the county by their contracts for services and expenses;

it recognizes no such authority; it leaves the matter to the final determination of the court. It is for the court to decide whether the expenses were necessary and were reasonably incident to the sitting. It has been said that under this statute and other similar statutes of an earlier date "it has been the practice of prosecuting officers to incur extra expenses in the prosecution of crimes. Some of these are preliminary to the trial, and others are incurred at the trial. Some are incurred in searching for evidence, or in making scientific examinations and experiments. Among them is the compensation of experts. These expenses are often necessary; and it has been the practice of courts to allow them." *Attorney General, petitioner,* 104 Mass. 537, 542, 543. It has been suggested also that prosecuting officers have as matter of practice incurred certain expenses in prosecuting criminals and punishing crime for which no direct statutory authority could be found. *Clark, petitioner,* 104 Mass. 537, 538. 2 Op. Atty. Gen. 112, 114. Those expressions of opinion were made before the enactment of G. L. (Ter. Ed.) c. 12, § 24, originally St. 1906, c. 494. It is there provided that a "district attorney, in the name of any county in his district, may contract such bills for . . . experts" required by the Commonwealth in the prosecution of cases and certain other specified expenses as may in his opinion be necessary for the conduct of his office in the investigation of or preparation and trial of criminal cases, and "all such bills shall be paid by the county for the benefit of which they were contracted upon a certificate by the district attorney that they were necessarily incurred in the proper performance of his duty, and upon approval of the auditor of Suffolk county if the bills were incurred for said county, otherwise upon the approval of the county commissioners or of a justice of the superior court." This is a comprehensive statute. It covers the entire field of necessary expenses of a district attorney in administering his office, unless and so far as included within G. L. (Ter. Ed.) c. 213, § 8. Such a statute supersedes whatever provisions of the common law might otherwise be invoked. *School Committee of Lowell* v. *Mayor of Lowell,*

265 Mass. 353, 356, 357. *Knowlton* v. *Swampscott,* 280 Mass. 69, 71, 72. It affords a remedy which must be followed by one employed pursuant to its terms. The plaintiff, not having received the certificate of the district attorney to his bill nor the approval thereof by the county commissioners or by a judge of the court, does not comply with the conditions precedent imposed on him by that statute. He cannot recover on any view of his declaration. *Opinion of the Justices,* 13 Allen, 593. *Johnson* v. *Phoenix Ins. Co.* 112 Mass. 49. *Audette* v. *L'Union St. Joseph,* 178 Mass. 113, 115. *Hebert* v. *Dewey,* 191 Mass. 403, 409. *Averell* v. *Newburyport,* 236 Mass. 208. *Kothe* v. *Phoenix Mutual Life Ins. Co.* 269 Mass. 148. *Gibboney* v. *Board of Chosen Freeholders,* 122 Fed. Rep. (C. C. A.) 46.

There are no sufficient allegations of arbitrariness and unreasonableness on the part of the district attorney in refusing to give the required certificate. *Nichols* v. *Rogers,* 139 Mass. 146. *Boston* v. *Treasurer & Receiver General,* 237 Mass. 403, 415. *Cosmopolitan Trust Co.* v. *S. L. Agoos Tanning Co.* 245 Mass. 69, 73. Therefore it is unnecessary to consider the case from that point of view.

The case at bar is distinguishable from *Wheelock* v. *Auditor of Suffolk County,* 130 Mass. 486, where the allowance of bills was a regulation of the internal administration of municipal affairs and not as here a condition precedent to the existence of a valid claim.

The provisions of G. L. (Ter. Ed.) c. 35, § 11, and c. 280, § 4, do not support the contention of the plaintiff; they are general in terms and apply to expenses otherwise valid according to law.

*Order sustaining demurrer affirmed.*