### J. STEWART ROONEY, petitioner.

Essex.    November 6, 1936. — November 29, 1937.

Present: RUGG, C.J., FIELD, DONAHUE, & QUA, JJ.

*District Attorney.    Superior Court, Jurisdiction.    Words, "Approval."*

The Superior Court has no power under § 8 of G. L. (Ter. Ed.) c. 213 to order payment of a bill for services of an expert contracted for by a district attorney where the bill is not certified by the district attorney as required by § 24 of c. 12.

PETITION, filed in the Superior Court on June 22, 1936.

The petition was heard by *Williams*, J., who filed the following rulings and order:

"The within petition was entered as a separate proceeding and, after notice to all parties who might have an interest in the matter including the district attorney, treasurer and county commissioners of Essex County, came before me sitting at a jury waived session within and for the county of Essex. It appeared as a result of statements of counsel that the petitioner was employed by the district attorney in connection with the preparation and trial of the case of Commonwealth *v.* Costello, tried in Essex County before *Fosdick*, J., in 1933. At no time had the district attorney asked the court for authority to employ the petitioner, and no bill was ever presented to the then presiding judge or to

any other judge of this court by the district attorney for approval. The district attorney has not approved the bill of the petitioner, although he has said that he would approve a bill of some $550. The district attorney objects to the court considering the present petition on its merits.

"I rule that the averments of the petition do not set forth an account for services and expenses incident to the sittings of the court within the provisions of Gen. Laws (Ter. Ed.) c. 213, § 8, and that said statute does not confer power upon this court, under the circumstances above stated, to receive, examine and allow and to order payment of the account annexed to the petition out of the treasury of the county of Essex.

"It is therefore ordered that a decree be entered dismissing the petition."

The petitioner appealed.

The case was submitted on briefs.

*R. J. Coffin & J. J. Krohn*, for the petitioner.

*H. C. Thompson & J. C. Twomey*, for the county of Essex.

DONAHUE, J. The petitioner was employed as a medical expert by the district attorney of Essex County in connection with the investigation and trial of a capital case in that county. He submitted a bill for the services he rendered to the district attorney who refused to approve it, stating however that he would approve such a bill in the sum of $550. The petitioner then brought an action at law in the Superior Court against the county of Essex to recover the sum of $2,040. A demurrer to the declaration in that action was sustained and upon appeal to this court the order sustaining the demurrer was affirmed. *Rooney* v. *County of Essex*, 292 Mass. 473.

Thereafter the present petition was brought in the Superior Court. It contains prayers that the court receive and examine the petitioner's account, allow him reasonable compensation for the services rendered, "approve the amount allowed to the petitioner as compensation, and order payment of the sum so allowed out of the Treasury of the county of Essex." A judge of the Superior Court ruled that the petition did not set forth an account for

services and expenses incident to the sittings of the court within the provisions of G. L. (Ter. Ed.) c. 213, § 8, and that the court did not, in the circumstances appearing, have the power under the statute to receive, examine and allow the account and order the payment of the amount therein stated out of the treasury of the county. The petitioner appealed from a final decree dismissing the petition.

The statute, G. L. (Ter. Ed.) c. 213, § 8 (appearing in its original form in St. 1808, c. 53), provides: "The courts shall, respectively, receive, examine and allow accounts for services and expenses incident to their sittings in the several counties and order payment thereof out of the respective county treasuries." For many years after the passage of St. 1808, c. 53, it was the practice for the courts to allow expenses for experts and other extra expenses of district attorneys incurred in the prosecution of crimes, and to order them paid out of treasuries of the counties. *Attorney General, petitioner*, 104 Mass. 537, 542, 543. *Rooney* v. *County of Essex*, 292 Mass. 473, 475. Such expenses were treated as incident to the sittings of the court, like expenses actually incurred by the court itself.

But, in 1906, a statute was passed which dealt specifically with the contracting of bills by district attorneys in the course of their duties and with the matter of the method of payment of such bills and declared that "All acts and parts of acts inconsistent herewith are hereby repealed." St. 1906, c. 494, §§ 1, 2. In its present form the statute (G. L. [Ter. Ed.] c. 12, § 24) provides: "A district attorney, in the name of any county in his district, may contract such bills for . . . experts . . . and for such other expenses as may in his opinion be necessary for the proper conduct of his office in the investigation of or preparation and trial of criminal causes; and all such bills shall be paid by the county for the benefit of which they were contracted upon a certificate by the district attorney that they were necessarily incurred in the proper performance of his duty, and . . . [in other counties than Suffolk] upon the approval of the county commissioners or of a justice of the superior court."

This statute gives to a district attorney the power to contract bills for services and expenses necessary to the proper performance of his duties but prescribes conditions which must exist before bills so contracted may be paid from a county treasury. It is a condition precedent to such payment that the district attorney certify that such bills were "necessarily incurred in the proper performance of his duty." The petitioner has not obtained such a certificate as to his bill for $2,040. In the absence of such certification a county treasurer has no authority to pay the bill. The original statute (St. 1906, c. 494) further made it a condition precedent to payment that such a bill have "the approval of . . . the county commissioners." This was amended by St. 1907, c. 170, by adding the words "or by a justice of the superior court." Under the provisions of the statute as amended, a bill for services or expenses contracted by a district attorney and certified by him becomes, upon the approval of the county commissioners alone, payable from a county treasury without any approval by a judge of the Superior Court or even without any knowledge by any judge of the court that such a bill existed. Prior to the passage of St. 1906, c. 494, bills incurred by a district attorney were paid by a county, without any certificate of the district attorney, merely upon their allowance by a judge of the Superior Court and on his order.

The statute requires an "approval" either of the county commissioners or of a judge of the Superior Court to a bill certified by a district attorney but no court order for such payment is required. The word "approval" when it appears in our statutes generally means an affirmative sanction by one person or by a body of persons of precedent acts of another person or body of persons. *Brown* v. *Newburyport*, 209 Mass. 259, 265-266. *McLean* v. *Mayor of Holyoke*, 216 Mass. 62. *Cunningham* v. *Commissioner of Banks*, 249 Mass. 401, 420. *Leroy* v. *Worcester Street Railway*, 287 Mass. 1, 7. We think that is the meaning which must be given to the word "approval" in the statute under consideration and that a judge of the Superior Court is not authorized to give his approval to a bill for services

or expenses contracted by a district attorney unless the bill has been certified by the district attorney as required by the statute.

As pointed out in *Rooney* v. *County of Essex*, 292 Mass. 473, 475–476, the statute deals comprehensively with the subject of the contracting of necessary bills by district attorneys and specifies with precision the manner in which such a bill may be made a valid charge on a county treasury. It is only if the stated conditions are met that "such bills shall be paid by the county." We think the statute adequately manifests the intention that since its passage a bill for services or expenses contracted by a district attorney may no longer be properly paid merely upon its allowance by and on the order of a judge of the Superior Court and that the county treasurer is now authorized to pay a bill contracted by a district attorney only upon his certificate in conformance with the statute and upon the approval by either the county commissioners or a judge of the Superior Court, of a bill so certified.

There was no error in the rulings made by the trial judge or in the entry of a final decree dismissing the petition.

*Decree affirmed.*