DAVID P. ROSSITER, JUNIOR, *vs.* COUNTY OF MIDDLESEX.

Middlesex.     November 12, 1940. — March 1, 1941.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Probation Officer.   District Court,* Probation officer.   *County.*

Under G. L. (Ter. Ed.) c. 276, § 83, as amended by Sts. 1936, c. 360; 1937, c. 186, an appointment of an "additional" probation officer by a judge of a District Court did not become effective until it was approved by the administrative committee of the district courts.

The salary of an "additional" probation officer, whose appointment by a judge of a District Court did not become effective until after December 31, 1937, was a "new . . . expense" for 1938 within the provisions of G. L. (Ter. Ed.) c. 35, § 34, as amended by St. 1937, c. 36; and no action could be maintained for services performed by him preceding July 1, 1938, where the county commissioners, under § 83 of G. L. (Ter. Ed.) c. 276 as amended by Sts. 1936, c. 360; 1937, c. 186, made their approval of the salary fixed by the judge effective as of July 1, 1938, and the appropriations for counties by St. 1938, c. 437, included nothing for such salary previous to that date.

CONTRACT.  Writ in the Third District Court of Eastern Middlesex dated April 4, 1939.

The case was heard by *Stone*, J., who in substance ruled that "the effective date" of the plaintiff's appointment was December 20, 1937, which was "not within the time limit set by the statute," G. L. (Ter. Ed.) c. 35, § 34, as amended; that the "amount of the salary then fixed confessedly has the approval of the county commissioners. . . . While the plaintiff could not begin his work until approval by the administrative committee of district courts the act was done which the statute . . . contemplated. The plaintiff is entitled to his salary from February 7, 1938, to July 1, 1938."

In this court the case was submitted on briefs.

*M. R. Flynn*, for the plaintiff.

*R. F. Bradford*, District Attorney, & *A. DiCicco, Jr.*, Assistant District Attorney, for the defendant.

DOLAN, J.  This action of contract is brought by the plaintiff, a probation officer in the First District Court of Eastern Middlesex, to recover $718.75 for his salary as such officer for the period beginning February 7, 1938, and ending June 30, 1938.  The case was heard by the trial judge on an "Agreed Statement of Facts," and, after arguments, he filed "Findings of Fact and Rulings of Law" in which he found for the plaintiff, and reported the case to the Appellate Division under the provisions of G. L. (Ter. Ed.) c. 231, § 108.  The case comes before us on the plaintiff's appeal from the order of the Appellate Division that the finding for the plaintiff be vacated and that judgment be entered for the defendant.

The material facts agreed upon may be summarized as follows: On or about December 17, 1937, the judge of the District Court before referred to notified the plaintiff that he intended to appoint him probation officer in that court, to take effect when his appointment was approved by the State board of probation and the administrative committee of the district courts, "as required by law."  At about the same time the judge conferred with the county commissioners with relation to the appointment of the plaintiff and his

salary. In consequence, he wrote the commissioners on December 20, 1937, in substance, that he was making the appointment to take effect when it should be approved by the necessary boards, that he should fix the plaintiff's salary at $1,800, and that he was notifying the commissioners because he knew they made up their budget for the next year (1938) before the first of that year. The county commissioners made no written reply to that communication. The approval of the State board of probation and of the administrative committee of the District Courts was given early in February, 1938. On February 3, 1938, the judge wrote to the county commissioners referring to his former letter to them and stating that the plaintiff's appointment had been approved by the board of probation and the administrative committee and enclosed their approval. He further stated that he expected the plaintiff to begin work on February 7, 1938. On February 11, 1938, the county commissioners through their chairman replied, stating that they did not approve of the plaintiff's "appointment . . . [as] an assistant probation officer for the Malden Court," that the annual budget had not yet been passed by the General Court, and that the statute did "not allow the appointment of any permanent employee until an appropriation sufficient therefor has been granted by the Legislature." The county commissioners approved the salary of $1,800 fixed by the judge "and asked that provision be made in the 1938 budget, approval of said salary to be effective as of July 1, 1938." The plaintiff performed the duties of probation officer "pursuant to his appointment" from February 7, 1938, to July 1, 1938, but has not been paid therefor.

It is provided by G. L. (Ter. Ed.) c. 276, § 83, as amended by St. 1936, c. 360, and St. 1937, c. 186, so far as here material, that justices of district courts may, with the approval of the administrative committee of the district courts, who shall consult the board of probation relative thereto, appoint such probation officers as they respectively from time to time deem necessary for their respective courts and that the justice of the particular court shall, subject to the approval

of the county commissioners, fix the compensation "of each probation officer appointed for such court."

The requirement that appointments of probation officers to serve in district courts (other than the Municipal Court of the City of Boston) should be approved by the administrative committee was first enacted by St. 1936, c. 360. Its enactment was recommended by the Judicial Council in its tenth report (page 27) in which the opinion was expressed that "it seems wiser" to have some confirmatory power in existence covering both appointment and removal for reasons which need not be repeated here.[1]    Obviously the purpose of the statute would be defeated if the approval of the administrative committee was not a condition precedent to the validity and effectiveness of such an appointment.    We are of opinion that it is, and that, since in the instant case the appointment of the plaintiff was not approved until "early in February of 1938," it follows that his appointment was not effective as of any earlier date.    See *Brown* v. *Newburyport*, 209 Mass. 259, 265–266; *Simpson* v. *Marlborough*, 236 Mass. 210, 214; *Cunningham* v. *Commissioner of Banks*, 249 Mass. 401, 420; *Rooney, petitioner*, 298 Mass. 430, 433; Op. Atty. Gen. (1938) pages 88, 89.

In *Avery* v. *County of Norfolk*, 279 Mass. 598, where the county commissioners refused to approve the salary fixed by the judge of a District Court for a probation officer, it was held that no salary had been fixed for which the appointee could maintain his action for recovery.    This is in accord with decisions of this court that, where an act or contract is subject to the approval of a designated official, no legal obligation can arise until that approval is given. *Fiske* v. *Worcester*, 219 Mass. 428, 430, and cases cited. *United States Drainage & Irrigation Co.* v. *Medford*, 225 Mass. 467, 472.    *Parkhurst* v. *Revere*, 263 Mass. 364, 371.

In the letter of February 11, 1938, the county commissioners stated that they did not approve of the appointment of an "assistant" probation officer, assigning as reason therefor that "The annual budget has not as yet been passed

---

[1] See circular letter of the administrative committee of the district courts reprinted in 21 Mass. Law Quarterly, No. 6, pages 34, 35–36 (1936).

by the General Court, and the statute does not allow the appointment of any permanent employee until an appropriation sufficient therefor has been granted by the Legislature." We construe the refusal of the commissioners to approve the appointment to be a refusal to approve the salary fixed by the judge, since only the power of approval or disapproval of the salary is conferred upon them by the statute. *McCourt* v. *Mayor & City Council of Boston,* 254 Mass. 100, 102. It is apparent that the salary fixed by the judge had not been approved by the commissioners at the time this letter was sent to the judge. All that appears is that some time (presumably after February 11, 1938) they did approve the salary fixed by the judge but provided that the approval should be effective as of July 1, 1938, and "asked that provision be made in the 1938 budget" therefor. Under G. L. (Ter. Ed.) c. 35, § 34, as amended by St. 1937, c. 36 (see now St. 1939, c. 501, § 4), we think that no liability could be imposed upon or incurred by the county commissioners after December 31 in any year for a "new . . . expense" and that they could make no "permanent contract" until a sufficient appropriation had been made therefor by the General Court. The plaintiff was appointed by the judge as an "additional" probation officer. While other provisions of § 34, as amended, confer authority upon county commissioners to incur liability for maintenance and operation of regular county activities at a rate of expenditures not to exceed in any month the sum spent for a similar purpose in any one month in the preceding year "provided, that . . . [they] may expend in any one month for any office or board created by law an amount not exceeding one twelfth of the estimated cost for said year for said office or board," we are of opinion that these provisions are not inconsistent with the final provision of the section that "No new or unusual expense shall be incurred, or permanent contract made, or salary increased, until an appropriation sufficient therefor has been made by the general court." Reading the statute as a whole, we are of opinion that it was the intention of the Legislature to provide for the operation of counties pending the passage of

the general appropriation bill on the same basis as in the preceding year, but that no new or unusual expense should be incurred until sufficient appropriation had been made therefor. It is manifest that the appointment of the plaintiff as an "additional" probation officer would create a "new . . . expense." The appropriations for counties for the year 1938 were not approved until June 22, 1938, by St. 1938, c. 437, and there is nothing in the record to show that this statute included any appropriation for the payment of any salary to the plaintiff prior to July 1, 1938, the date as of which the approval of his salary by the county commissioners was to be effective. The case is distinguishable from cases in which a duly appointed municipal officer, with an established salary, does not receive his salary because of a failure on the part of the appropriating body to provide an appropriation therefor. See *Barnard* v. *Lynn*, 295 Mass. 144.

It follows from what has been said that the order of the Appellate Division that the finding for the plaintiff be vacated and that judgment be entered for the defendant must be affirmed; and it is

*So ordered.*