COUNTY COMMISSIONERS OF MIDDLESEX COUNTY
& another *vs.* SUPERIOR COURT.

Suffolk.     October 5, 1976. — December 14, 1976.

Present: HENNESSEY, C.J., REARDON, BRAUCHER, KAPLAN,
& WILKINS, JJ.

*County.     Statute,* Construction.     *Superior Court,* Employees.

The judges of the Superior Court had the authority under G. L. c. 221, § 91, to order retroactive salary increases for court stenographers, and the county commissioners were required to pay the increases, out of their reserve funds if necessary, notwithstanding the provisions of G. L. c. 35, §§ 32 and 34. [458-462]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on April 15, 1975.

The case was reserved and reported by *Quirico,* J.

*John F. Gollinger* for the plaintiffs.

*Paula R. Rosen,* Assistant Attorney General (*James Klopper* with her) for the defendant.

HENNESSEY, C.J.     The county commissioners and the treasurer of Middlesex County (commissioners) brought this action for declaratory relief to determine the legal effect of an order of the judges of the Superior Court,

dated September 20, 1974. This order raised the salaries of the Superior Court stenographers and required that the commissioners spend money on salaries beyond their county's appropriation therefor. The single justice reserved and reported the matter to the full court for a decision.

The parties stipulated to the following material facts. On April 26, 1974, the judges of the Superior Court voted to grant their stenographers a 6.2% cost of living pay increase. The increase was retroactive to January 1, 1974, and was contingent on the passage of legislation then pending before the General Court which would grant a similar increase to certain county employees. After this legislation, St. 1974, c. 482, was approved by the Governor on July 8, 1974, the judges ordered the county commissioners for the various counties to raise the annual salaries paid to court stenographers, effective January 1, 1974. The commissioners have refused to pay the 6.2% increase and also have failed to include this increase in their budget requests for years subsequent to 1974.[1] The General Court has made no appropriation to the counties specifically covering the 6.2% salary increase. The commissioners will pay the increase, if so required, out of the commissioners' reserve fund.[2]

The commissioners contend that they cannot lawfully comply with the order of the judges because no prior appropriation of funds has been made by the General Court for such a salary increase. They argue that an order of the judges of the Superior Court pursuant to G. L. c. 221, § 91, cannot take effect, under G. L. c. 35, §§ 32, 34, until appropriations sufficient to cover the order's costs are made. In addition, they claim that the inherent power of

[1] The commissioners and treasurers of all other counties paid the raise without dispute.

[2] The commissioners agree that, if the judges' order was valid, G. L. c. 221, § 91, imposes a duty on them to request sufficient appropriations to pay the raises in the future. See *Rossiter* v. *County of Middlesex,* 308 Mass. 458, 463 (1941). Thus, expenditures would not exceed appropriations indefinitely, nor would the reserve fund be used to finance the increase permanently.

courts to provide for reasonably necessary expenditures, *O'Coin's, Inc.* v. *Treasurer of the County of Worcester,* 362 Mass. 507 (1972), does not include the power to order retroactive pay increases for their personnel, and that St. 1974, c. 482, § 2, does not include court stenographers in its grant of salary increases to certain county employees. Therefore, they maintain that the stenographers are not entitled to pay increases for the years 1974 and 1975 by virtue of the statutory or inherent powers of the Superior Court judges or by virtue of the general statutory increase. We disagree.

We conclude that the provisions of G. L. c. 221, § 91, and G. L. c. 35, §§ 32, 34, do not conflict and that the commissioners are obliged to pay salary increases to court stenographers as ordered by the judges of the Superior Court under the powers given them in G. L. c. 221, § 91, despite the lack of prior appropriation. In light of this conclusion, we do not reach and need not consider the alternative arguments of the commissioners.

The Legislature gave the judges exclusive control over their stenographers' salaries. General Laws c. 221, § 91, as appearing in St. 1972, c. 492, § 2, reads, "Official stenographers . . . appointed by the justices of the superior court shall receive *salaries which shall be established from time to time by said justices. . . .* Said salaries . . . *shall* be paid by the respective counties upon order of the court" (emphasis added). Contrast G. L. c. 221, § 68, as amended through St. 1952, c. 588 ("The reporter shall receive from the commonwealth a salary to be fixed by the chief justice of the supreme judicial court, with the approval of the governor and council . . . .") ; G. L. c. 221, § 93, as amended through St. 1960, c. 743, § 1 ("The clerk of the supreme judicial court for the commonwealth shall receive from the commonwealth as salary a sum equivalent to seventy-five per cent of the salary of an associate justice of the supreme judicial court"). This language on its face is mandatory, allowing the counties no role in the establishment of salary levels and no choice in the payment of established salaries. The Legislature clearly intended that the court's power in

this area be exclusive. The previous version of § 91, appearing in St. 1931, c. 301, § 44, which directed that court-appointed stenographers be paid salaries set by statute, compare c. 221, § 93, *supra,* was amended so that the court set the salary level of their stenographers with the approval of the Supreme Judicial Court. G. L. c. 221, §§ 91, 91A, as appearing in St. 1947, c. 469, §§ 2, 3. See St. 1966, c. 652, § 1. In 1972 the Legislature again amended c. 221, removing the role of the Supreme Judicial Court in compensation of Superior Court stenographers and enacting the current version of § 91. St. 1972, c. 492, § 2.

The 1972 amendment to § 91 clearly reflects a legislative determination that the judges of the Superior Court are the most appropriate judges of the compensation level necessary to attract competent stenographers to the Superior Court.[3] The mandatory language reflects a legislative decision that the needs of the court, rather than the fiscal needs of the counties paying the stenographers' salaries, must govern the level of salaries paid. By implication, however, the statute requires that the judges of the Superior Court give careful consideration to the fiscal problems of the various counties before they order the counties to pay salary increases to court personnel. In this case, the judges' respect for the counties' finances clearly manifested itself in the reasonable size of the increase granted and the timing of the order. The judges ordered an increase equal in size to that granted other county personnel by the Legislature and made their order contingent on the passage of the legislated increase.[4] No one has argued or could argue that such an order was unreasonable.

The commissioners agree that the Legislature has denied them a role in the establishment of stenographers' salary levels, but claim that the Legislature has imposed

---

[3] The various amendments also reflect a legislative purpose to make the stenographers' salaries uniform throughout the several counties.

[4] Before the recent amendments to § 91, cited above, court stenographers were included in statutory pay increases, so that the judges' order acted only to prevent harm to court stenographers from the shift in control over their salaries.

fiscal restraints on their ability to spend, G. L. c. 35, §§ 32, 34, which preclude payment of the ordered salary increases. Statutes which do not necessarily conflict should be construed to have consistent directives so that both may be given effect. *Goldsmith* v. *Reliance Ins. Co.,* 353 Mass. 99 (1967). *Brooks* v. *Fitchburg & Leominster St. Ry.,* 200 Mass. 8, 17 (1908). To achieve their purposes the provisions of c. 35 which address issues of county fiscal responsibilities need not conflict with the financial directive of c. 221, § 91. Chapter 35, §§ 32, 34, limit the commissioners' power to order extravagant county expenditures, while c. 221, § 91, limits the judges' power to order unreasonable county expenditures. Therefore, we do not construe c. 35, §§ 32, 34, to limit the ability of counties to obey orders pursuant to c. 221, § 91, but rather construe these provisions to limit the power of county officials to authorize expenditures sua sponte in excess of appropriations.

General Laws c. 35, governing county finances, limits the authority of county officials to spend money in excess of appropriations. Section 32, as appearing in St. 1970, c. 147, § 1, provides that "except as otherwise provided by law, no liability may be incurred and no expenditure shall be made in excess of the amount available in an existing appropriation . . . . No county expenditures shall be made or liability incurred, nor shall a bill be paid for any purpose, in excess of the appropriation therefor, except as provided in section . . . thirty-four. No direct drafts against the account known as the reserve fund as appearing in appropriation acts for counties shall be made, but transfers from said account to other accounts may be made to meet extraordinary or unforeseen expenditures . . . ." Second, twelfth, and thirteenth paragraphs. These provisions, considered together, require that counties confine their spending to the amounts anticipated in their annual budget, but they allow excess spending when other laws, other provisions of c. 35 or extraordinary circumstances necessitate it.

In this case, expenditure in excess of appropriation is required by other law, G. L. c. 221, § 91, as implemented

by order of the judges of the Superior Court. Therefore, expenditure "in excess of the amount available in an existing appropriation" for stenographers' salaries is permissible, and, because a salary increase by order of the judges constitutes an "unforeseen expenditure" within the meaning of the thirteenth paragraph, reserve funds can be used to cover its cost.[5] A decision that court orders pursuant to G. L. c. 221, § 91, do not come within any exception to G. L. c. 35, § 32, would permit a statute addressed to the powers of county officials to limit the powers of Superior Court judges. Such was not the purpose of this statute. Nor was this an intended effect of the statute.

Chapter 35 extensively regulates the *counties'* authority over the salaries of county employees. Section 34, as amended through St. 1969, c. 849, § 15, a specific exception to the rule of § 32, provides that "[n]o ... salary [shall be] increased, until an appropriation sufficient therefor has been made by the general court; except that salary increases in accordance with the salary schedule may be granted as set forth in section fifty-one B ...." Court stenographers are not included in the aforesaid salary schedule, because the Legislature removed their jobs from classification powers of county officials, c. 35, § 49, when it gave the judges plenary control of stenographers' salary levels. St. 1972, c. 492, § 1. By implication, then, the Legislature intended to remove these jobs from the application of the entire scheme of salary regulation set forth in c. 35. Thus, § 34 applies its rules to jobs classified under § 49 and listed in § 51B, and its limitations on salary increases do not apply to the increases ordered by the judges in this case. The argument that the stenographers' raises were not authorized by § 34 and were consequently violative of § 32 has no force. Section 32 excepts from its rule salary increases authorized under § 34 of the same chapter and salary increases authorized by other laws, including c. 221,

---

[5] After this decision, this expenditure obviously cannot be "unforeseen." However, the commissioners have previously agreed that they must request appropriations adequate to cover the raises if required by our decision.

§ 91. The increases involved herein fall within the latter exception.

We therefore conclude that G. L. c. 35, §§ 32, 34, do not limit the power of the Superior Court judges to order cost of living pay raises for their stenographers by limiting the ability of county officials to pay such raises when so ordered. The commissioners must pay the raises currently as ordered and must request appropriations sufficient to pay the raises in future years. See *Rossiter* v. *County of Middlesex*, 308 Mass. 458, 463 (1941); *Barnard* v. *Lynn*, 295 Mass. 144, 146 (1936). In light of the above reasoning, we do not reach the alternative arguments relying on the case of *O'Coin's, Inc.* v. *Treasurer of the County of Worcester*, 362 Mass. 507 (1972), and on the provisions of St. 1974, c. 482, § 2.

The case is remanded to the county court, where a judgment is to be entered in accordance with this opinion.

*So ordered.*