Hamlin, J.
Plaintiff, James E. Fahey, Jr., Treasurer of Middlesex County (“Treasurer”) and defendants Edward Kennedy, Thomas J. Larkin, and Francis X. Flaherty, Commissioners of Middlesex County (“Commissioners”) (collectively the “Joint Movers”) brought this Joint Motion for Entry of Declaratory Judgement to permit the Treasurer to disburse funds for a retroactive wage increase voted and executed by the Commissioners which have not yet been appropriated by the Middlesex County Advisory Board as required by G.L.c. 35, §34. Pursuant to Mass.R.Civ.P. 24, the County Government Review Board[3] (“Review Board”), and the Chairman of the Middlesex County Advisory Board[4] (“Advisory Board”) (collectively the “Intervenor-Defendants”) moved to intervene as defendants in this matter. For the reasons discussed below, the Joint Motion for Entry of Declaratory Judgment is DENIED.
BACKGROUND
The material facts are not in dispute. In August 1995, the Commissioners voted and executed a Memorandum of Understanding (“Memorandum”) on behalf of the Middlesex County Sheriffs Department (“Sheriffs”) and the International Brotherhood of Correctional Officers, Local 193, (“IBCO”) which amended certain provisions of an existing collective bargaining agreement (“CBA”) between the parties.[5] The Memorandum included the expenditure for retroactive wage increase for the previous fiscal year for 1995 (“FY 95”; July 1, 1994 through June 30, 1995).[6] The Advisory Board and the Review Board, were not aware of the wage increase contained in the Memorandum when the respective Boards approved the FY 95 Middlesex County Budget. The Commissioners’ vote in August 1995 to authorize the expenditure of funds for the wage increases contained in the Memorandum was not made pursuant to, or in conjunction with, budget appropriations for the relevant fiscal year. The Joint Movers now motion this Court to permit the Treasurer *435 to disburse funds for the July 1, 1994 retroactive wage increase without having to obtain an appropriation for the funds from the Advisory Board and approval by the Review Board.
DISCUSSION
The Joint Movers claim that they are entitled to declaratory relief for two reasons: (1) the FY 95 budget has already been approved by the Finance Review Board and the Advisory Board and therefore, no further approval is required to disburse funds remaining in the budget; and (2) the funds remaining in the Sheriffs FY 95 Budget are not subject to appropriation by the Advisory Board.
The Joint Movers’ first argument must be examined in light of the statutory requirements for collectively bargained agreements with county governments. The statutory framework for collective bargaining for state, local, and county employees is governed by G.L.c. 150E. See G.L.c. 150E, §1. While counties generally may negotiate binding agreements with their workers, special rules exist under G.L.c. 150E, §7(b). before “cost items” such as salary increases can become effective:
The employer . . . shall submit to the appropriate legislative body within thirty days after the date on which the agreement is executed by the parties, a request for an appropriation necessary to fund the cost items contained therein ... If the appropriate legislative body duly rejects the request for an appropriation necessary to fund the cost items, such cost items shall be returned to the parties for further bargaining.
G.L.c. 150E, §7(b).
The Supreme Judicial Court has held that collectively bargained salary increases must be the subject of an appropriation by the “appropriate legislative body” before they can become effective. See, e.g., Somerville v. Somerville Municipal Employees Associations, 418 Mass. 21, 24 (1994); Alliance, AFSCME/SEIU v. Secretary of Administration, 413 Mass. 377, 385-86 (1992).[7]
The Advisory Board is the appropriating body for Middlesex County and accordingly constitutes the “appropriate legislative body” for purposes of G.L.c. 150E, §7(b). G.L.c. 35, §28B; see G.L.c. 150E, §1, 9th para. Comprised of representatives from the County’s “member” cities and towns, the Advisory Board must hold a public hearing before it adopts a county budget. Id. §§28B(a), (c).
Since 1989, all County budgets have been subject to review and approval of the County Government Finance Review Board (“Review Board”) in accordance with G.L.c. 64D, §12 which provides that “no annual or supplementary budget shall take effect until reviewed and approved by” the Review Board.[8]
Without an approved budget, Middlesex County operates under the provisions of G.L.c. 35, §34 which permit county commissioners and other authorized officers of the county to incur county liabilities of general maintenance and operation of regular county activities on a so-called “one-twelfth” budget basis.[9]
In order to comply with G.L.c. 35, §34, all that is necessary is an appropriation by the Advisory Board. Nothing in G.L.c. 64D, §12 indicates that appropriations other than annual or supplemental budgets are subject to the approval of the County Government Finance Review Board. In instances where the increase constitutes neither an annual budget nor a supplemental budget, the Commissioner need only seek an appropriation by the Advisory Board to pay out the retroactive increases. See Fahey v. Kennedy, Civil No. 93-4548 (Middlesex Super. Ct. September 3, 1993) [“Fahey I”); Couglin v. Thomas, Civil No. 92-1227 (Hampden Super. Ct. April 20, 1993). Here it is unclear whether the retroactive pay raise in question constitutes an annual budget or a supplemental budget.[10]
In this case, the Joint Movers argue that they need not seek an appropriation because the budget for FY 95 was already approved. This court is not persuaded by their arguments. In Fahey I, a Declaratory Judgment was sought from another judge of this court that the Commissioner complied with G.L.c. 35, §34 and G.L.c. 64D, §12 when authorizing the expenditure of funds for retroactive cost-of-living salary increases for the employees of the Middlesex County Sheriffs Department. Fahey I, supra.
In Fahey I, the Commissioners voted to pay a cost-of-living wage increase to Middlesex County Sheriffs Department employees on May 25, 1993. The wage increase included a 5% retroactive pay increase to July 1, 1992. The budget for that fiscal year (FY 93) was not approved until June 23, 1993. Notwithstanding the approved budget, the Joint Movers sought a subsequent appropriation on July 28, 1993 by the Advisory Board which confirmed that there were sufficient funds to make immediate payment of the retroactive portion of the vote.
The court in that case allowed a “nonbudget appropriation” by the Advisoiy Board during the interim period between the expiration of one budget and the adoption of a new one thereby eliminating the necessity of Review Board supplementary “budget” appropriations. Fahey, supra.
In the instant case, the Commissioners voted to pay a cost-of-living wage increase to Middlesex County Sheriffs Department employees long after the FY 95 had expired. In Fahey I, the Advisory Board was given notice, approved the retroactive pay increase, and confirmed there were sufficient funds to pay out the retroactive portion of the increase. Here the Advisory Board had no such notice.
Although this court recognizes that monies are available to fund the retroactive pay increase, neither *436 Fahey I, nor any other case or statute cited provides the legal authority for this court to allow the Treasurer to pay out salary increases without following the statutory requirements under G.L.c. 150E, §7(b). Somerville, supra, at 24; Alliance, supra, at 385-86; County of Suffolk, supra, at 132-33.
The Joint Mover’s second argument is that the funds remaining in the Sheriffs FY 95 Budget are not subject to appropriation by the Advisory Board. Specifically they argue that the fact that the July 1994 salary increase is paid out of “direct state grant funds” removes the salary increase from the purview of the Advisory Board and the Review Board. However, the use of the funds for a salary increase is still not permitted because G.L.c. 35, §32 fourth par., which governs “appropriation acts for counties,” specifically prohibits the use of any existing appropriation for a salary increase. The SJC has held that excess spending is in some instances permitted by the “otherwise provided by law” exception in G.L.c. 35 §32 second par. County of Hampshire v. County of Hampden, 397 Mass. 131, 134 (1986).[11] The Joint Movers have not provided any other law that would permit this court to allow the relief sought. Thus, the settled “principle that general statutory language must yield to that which is more specific,” Risk Management Foundation of Harvard Medical Institutions v. Commissioner of Insurance, 407 Mass. 498, 505 (1990),[12] constrains the court from allowing the remedy that the Joint Movers seek. See County of Suffolk, supra, at 132-33.
The Joint Movers, Treasurer and Commissioners, do not provide any legal support that would permit this court to provide the relief that they seek. In view of that fact, this Court is bound by the statutory framework for collectively bargained salary increases and regrettably has no authority to declare that the treasurer is permitted to pay increases. Until the Commissioners seek an appropriation by the Advisory Board, this Court has no authority to declare that the Treasurer is permitted to pay increases retroactively.
ORDER
For the foregoing reasons, it is hereby ORDERED that the Joint Movers, Treasurer and Commissioners’ Joint Motion for Entry of Declaratory Judgment is DENIED without prejudice.

Leslie A. Kirwan, Mariellen P. Murphy, and Robert C. Krekorian, in their official capacity as members of the Review Board.

Robert W. Healy

Said amendments included wage increases of six (6%) percent effective July 1, 1994; three (3%) percent effective July 1, 1995; three (3%) percent effective January 1, 1996; three (3%) percent effective July 1, 1996; and three (3%) percent effective January 1, 1997.

The Joint Motion expressly limits its requested declaration to the “July 1, 1994 retroactive wage increase.”

Subsection 7(b) is explicit in its requirement. No increase can assume any monetary significance unless and until there is a legislatively established appropriation from which it can be paid. County of Suffolk v. Labor Relations Commission, 15 Mass.App.Ct. 127, 132-33 (1983) (holding that the only remedy available in such a case in which the [commissioner] (for whatever reason) has failed utterly to perform his duty under G.L.c. 150E, §7(b) is an order compelling him to submit to the [Board] a request for an appropriation).

G.L.c. 64D. §12 provides in part, the following:
There shall be established with the executive office for administration and finance a county government review board . . .
Notwithstanding the provision of any general or special law or county charter to the contrary, no annual or supplementary budget of any county shall take effect until reviewed and approved by the board.

G.L.c. 35, §34 provides in part, the following:
On or after July first in each year and before the regular appropriations have been made by the advisory board on county expenditures, the county commissioners and any other officers authorized to incur liabilities payable for general maintenance and operation of regular county activities at a rate of expenditure which does not exceed in any month the sum spent for a similar purpose in any one month in the preceding year; provided, that said commissioner or officers may expend in any one month for any office or board created by law an amount not exceeding one twelfth of the estimated cost for said year for said office or board. Payments therefor may be made from any available funds in the county treasury, to be charged to the regular appropriation made. No new or unusual expense shall be incurred, or permanent contract made, or salary increased, until an appropriation sufficient therefor had been made by the advisory board on county expenditures; except that salary increases in accordance with the salary schedule may be granted as set forth in section fifty-one B . . . [emphasis added].

If in this case, the retroactive increase sought by the Commissioners is neither an annual budget nor a supplemental budget the Commissioners here need only seek an appropriation by the Advisory Board. Approval by fire Review Board would be unnecessary under these particular circumstances.

In County of Hampden, the SJC allowed judgments rendered by the plaintiff county against the defendant officials of a different county holding judgment be paid and payments permitted by G.L.c. 35, §32 notwithstanding the absence of prior appropriations pursuant to the obligation under G.L.c. 127, §125, (“otherwise provided by law”).

Even if arguendo G.L.c. 35, §32 does not categorically prohibit the plaintiff from spending line item funds on salary increases, the line item does not supersede the requirement in G.L.c. 150E, §7(b) that, as a matter of public employee labor law, a subsequent appropriation is required for a collectively bargained salary increase to become effective. Somerville, supra, at 24; Alliance, supra, at 385-86.